# Black, et al., Appellants, *v.* Philadelphia Rapid Transit Co.

*Negligence—Proximate cause—Nonsuit—Contradictory statements—Contributory negligence.*

1. In an action to recover damages for personal injuries sustained by reason of a collision between the plaintiff, while riding a bicycle, and a car of defendant company, a nonsuit is properly entered where it appears that as plaintiff was riding along a city street, he reached the intersection of another street on which defendant company operated a trolley line, and while he was twenty-seven feet from the nearest rail he saw a car only sixty or eighty feet north of the crossing; that he expected the car would stop before making the crossing and he intended to go in front of it; that before he reached the curb, he saw the car opposite the crossing and in motion; and he then turned into the intersecting street, intending to go back of the car, and ran into its rear end; and that when he turned he was more than thirteen feet from the nearest rail and was running very slowly so that he could have stopped within five feet.

2. In such a case the fact that plaintiff's first statements of the occurrence were contradictory and the net result of his testimony was in doubt will not require the submission of the case to the jury, where plaintiff's attention was called to the contradictions, and his final statement showed contributory negligence.

Argued January 22, 1913. Appeal, No. 315, Jan. T., 1912, by plaintiffs, from judgment of C. P. No. 5, Philadelphia Co., June T., 1907, No. 4834, refusing to take off nonsuit in case of Robert J. Black, by his next friend and father Robert Black, and Robert Black v. Philadelphia Rapid Transit Company. Before FELL, C. J., MESTREZAT, POTTER, STEWART and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before STAAKE, J.

The opinion of the Supreme Court states the case.

The court entered a nonsuit which it subsequently refused to take off. Plaintiffs appealed.

*Error assigned* was the action of the court in refusing to take off the nonsuit.

*Francis M. McAdams,* with him *William H. Wilson,* for appellant.—The case should have been submitted to the jury: West Chester & P. R. R. Co. v. McElwee, 67 Pa. 311; Thorne v. Rapid Transit Co., 237 Pa. 20; Hamilton v. Traction Co., 201 Pa. 351; Smathers v. Pittsburgh & Butler St. Ry. Co., 226 Pa. 212; Callahan v. Traction Co., 184 Pa. 425; Miller v. Traction Co., 201 Pa. 175; Spahr v. York R. R. Co., 50 Pa. Superior Ct. 602; Shaffer v. Beaver Valley Traction Co., 229 Pa. 533; Walsh v. Altoona & Logan Valley Elec. Ry. Co., 232 Pa. 479; Doyle v. Chester Traction Co., 214 Pa. 382; Bard v. Railway Co., 199 Pa. 94; Shaughnessy v. Consolidated Traction Co., 17 Pa. Superior Ct. 588; Connor v. Pittsburgh Railways Co., 50 Pa. Superior Ct. 629; Armstrong v. Consolidated Traction Co., 216 Pa. 595; Maher v. Philadelphia Traction Co., 181 Pa. 391; Connor v. Traction Co., 173 Pa. 602; Fellers v. Warren Street Ry. Co., 26 Pa. Superior Ct. 31; McGovern v. Traction Co., 192 Pa. 344; Davidson v. Railway Co., 171 Pa. 522; Beach v. Railroad Co., 212 Pa. 567; Sloan v. Railway Co., 225 Pa. 52; Danko v. Pittsburgh Rys. Co., 230 Pa. 295; Cronmuller v. Evening Telegraph, 232 Pa. 14; Strader v. Monroe, 202 Pa. 626; Hochheiser v. Pittsburgh Rys. Co., 226 Pa. 316.

*Russell Duane,* for appellee.—The appellee committed no act which, as regards the appellant, could be deemed either negligent or the proximate cause of this accident: Gould v. Union Traction Co., 190 Pa. 198; Harman v. Penna. Traction Co., 200 Pa. 311; Davidson v. Traction Co., 4 Pa. Superior Ct. 86; Smith v. Holmesburg, &c., Electric Ry. Co., 187 Pa. 451; Walsh v. Hestonville, &c., Ry. Co., 194 Pa. 570; Henson v. Arthur, 217 Pa. 156; Eastburn v. U. S. Express Co., 225 Pa. 33; Funk v. Elec-

tric Traction Co., 175 Pa. 559; Phillips v. People's Pass. Ry. Co., 190 Pa. 222.

The proximate cause of this accident was the contributory negligence of the appellant himself. Hence a judgment of nonsuit was properly entered against him: Penna. R. R. Co. v. Beale, 73 Pa. 504; McClelland v. Pittsburgh Rys. Co., 216 Pa. 593; Aiken v. Penna. R. R. Co., 130 Pa. 380; Butler v. Gettysburg & Harrisburg R. R. Co., 126 Pa. 160; Mease v. United Traction Co., 208 Pa. 434; Timler v. Philadelphia Rapid Transit Co., 214 Pa. 475; Rowland v. Wanamaker, 193 Pa. 598; Baker v. Penna. R. R. Co., 182 Pa. 336; Blaney v. Electric Traction Co., 184 Pa. 524; Smith v. Electric Traction Co., 187 Pa. 110; Burke v. Union Traction Co., 198 Pa. 497; Tyson v. Union Traction Co., 199 Pa. 264; McCracken v. Consolidated Traction Co., 201 Pa. 378.

OPINION BY MR. CHIEF JUSTICE FELL, February 24, 1913:

The plaintiff was injured by running his bicycle into the side of a street car at the intersection of two main streets. He was riding east on Federal street, which is fifty feet wide, and the car was running south on Twenty-second street, which is sixty feet in width. When he reached the west house line of Twenty-second street, he saw the car sixty or eighty feet north of Federal street and he was twenty-seven feet from the nearest rail. He expected the car would stop before crossing Federal street and he intended to go in front of it. But before he reached the curb, he saw the car opposite the corner and in motion, and he then turned north on Twenty-second street intending to go back of the car and ran into the back step or the side of the back fender. When he turned he was more than thirteen feet from the nearest rail and was running at the rate of two miles an hour and could have stopped within five feet.

The plaintiff was at no time in a position of danger that called for the stopping of the car, or the slackening

of its speed by the motorman; he had started to turn north before he reached the curb at the corner of the street and this action indicated an intention to go north on Twenty-second street; he was moving very slowly and there was no apparent danger of colliding with the car as he was not near it until he guided his bicycle into its rear step. If there was negligence on the part of the motorman, it was in not stopping on the north side of Federal street. But this did not cause the accident. The plaintiff knew before he reached the curb that he could not safely go in front of the car and had turned north on Twenty-second street. He had ample room in which to turn and ample time in which to stop. The proximate cause of the accident was the careless operation of the plaintiff's bicycle.

In his examination, the plaintiff's statements of the occurrence were contradictory. On some of them he was entitled to go to the jury and on some he was not and the net result of his testimony was in doubt. If his examination had rested here, it would have been for the jury to have reconciled the conflicting statements: Ely v. Railway Co., 158 Pa. 233; Cronmuller v. Evening Telegraph, 232 Pa. 14. But it did not rest here. The plaintiff's attention was called to the contradictions in his testimony and the irreconcilable statements he had made were pointed out to him and he was asked which of them were correct. His final statement of the fact is that by which his case must be judged and as it showed contributory negligence, a nonsuit was properly entered.

The judgment is affirmed.