## Barton *v.* Franklin, Appellant.

Argued October 5, 1932. Before Frazer, C. J., Simpson, Kephart, Schaffer, Maxey, Drew and Linn, JJ.

*Robert D. Dalzell,* of *Dalzell, Dalzell, McFall & Pringle,* for appellant.—It was the duty of plaintiff to keep defendant's car constantly in view and not to proceed across the intersection regardless of the superior rights of defendant and of the danger of collision: Feldman v. Chernekoff, 291 Pa. 456; Frank v. Pleet, 87 Pa. Superior Ct. 494; Alperdt v. Paige, 292 Pa. 1; Close v. Electric Co., 90 Pa. Superior Ct. 260; Kutz v. Baking Co., 87 Pa. Superior Ct. 297; Fraser v. Voight, 100 Pa. Superior Ct. 248; Wescott v. Geiger, 92 Pa. Superior Ct. 80; Weinberg v. Pavitt, 304 Pa. 312.

*J. Thomas Hoffman,* with him *Harry J. Applestein,* for appellee.—The driver of a motor car first reaching the crossing has a right to assume the driver of an automobile approaching in the intersecting street will do so at a moderate speed with his car under control: Weber v. Greenebaum, 270 Pa. 382; Adams v. Gardiner, 306 Pa. 576; Davis v. Ice Co., 285 Pa. 177; Simon v. Lit Brothers, 264 Pa. 121; Moraski v. Cab Co., 84 Pa. Superior Ct. 605; McClung v. Taximeter Co., 252 Pa. 478; Swift v. Corrado, 292 Pa. 543; Robb v. Cab Co., 283 Pa. 454; Wagner v. P. R. T. Co., 252 Pa. 354; Black v. Mark, 273 Pa. 138; Hays v. Schomaker, 302 Pa. 72; Curry v. Wilson, 301 Pa. 467.

OPINION BY MR. JUSTICE MAXEY, November 28, 1932:

In the City of McKeesport, Library Avenue runs east and west, and Union Avenue, thirty-two feet in width, runs north and south. On September 29, 1929, plaintiff was riding a motorcycle east on Library Avenue, and defendant was driving a Ford automobile north on Union Avenue. Plaintiff on his motorcycle came to a stop fifteen or twenty feet before reaching the intersection and saw defendant's automobile approaching from his, plaintiff's, right one hundred fifty feet or more away. Plaintiff proceeded about twenty feet and looked again. He saw defendant's car about one hundred

twenty-five feet away. Plaintiff proceeded about ten or fifteen feet further and saw defendant's car about fifty feet away. Plaintiff continued his course at a speed of five or ten miles an hour, and defendant's car collided with plaintiff's motorcycle in the street intersection near the curb. Plaintiff was injured. At the point where Union Avenue intersects Library Avenue, the former is about forty-five feet wide on account of what is described as "a jog in the street." This jog was on the side from which plaintiff was traveling across the intersection. The collision took place after the plaintiff proceeded from where he had made his last observation of defendant's car and had reached a point about five feet from the far curb line. The left-hand side of the automobile collided with the right-hand side of the motorcycle. Defendant's automobile was traveling fifteen or twenty miles an hour.

Defendant presented a request for binding instructions. This was refused. The jury returned a verdict for the plaintiff in the sum of six thousand three hundred seventy-five dollars. Defendant filed a motion for judgment n. o. v. This was refused. An appeal was taken.

In a motion for judgment n. o. v. plaintiff is entitled to have the testimony in his behalf considered in its most favorable aspects, and this being done in this case, it cannot be said as a matter of law that plaintiff is guilty of contributory negligence. The defendant stresses the case of Weinberg v. Pavitt, 304 Pa. 312, 155 A. 867. In that case we said that the driver of a vehicle that was only thirty-two feet from the point in an intersecting street toward which point a car on his right was also traveling at about the same rate of speed and only forty or fifty feet from it would be guilty of contributory negligence in trying to get across the intersecting point ahead of the car on the right. The driver of the car on the left under the facts of that case obviously took a chance amounting to negligence. In the case before us the plaintiff was on the left and was

only fifteen or twenty feet from the intersection when the automobile on the right was, according to plaintiff's testimony, at least one hundred fifty feet away. Plaintiff continued to the near side of the intersection, and observed the automobile one hundred twenty-five feet away. Plaintiff then proceeded half way across the street and saw the automobile fifty feet away. We cannot say as a matter of law that plaintiff by continuing on his way instead of then stopping in the middle of the street took a chance amounting to negligence. He had a right to assume that defendant who was then a considerable distance from the intersection would moderate his speed or if necessary stop. We said in Adams v. Gardiner, 306 Pa. 576, 583, 160 A. 589: "Everyone to whom a duty is due has a right to assume that it will be performed......He may go on the assumption that all precautions required by statute or established rule or custom will be taken." In the instant case the defendant, although he was on the left, had a right to assume when he reached the intersection first that the car on the right one hundred twenty-five feet away would yield the crossing to him and his motorcycle, they having arrived there first. A driver on the left need not give way to a driver on the right at the intersection of public streets if he, the driver on the left, reaches the intersection so far in advance of the other as seemingly to him in the exercise of reasonably sound judgment to afford him sufficient time at the rate of speed at which he is traveling to clear the crossing before the driver on the right at the rate of speed at which he is traveling will apparently reach it. See Weber v. Greenebaum, 270 Pa. 382, 113 A. 413, and Lochetta v. Cunningham Cab Company, 98 Pa. Superior Ct. 4, 6.

Under the facts of the case before us the questions of the negligence of the defendant and plaintiff, respectively, were for the jury. Their submission was accompanied by proper instructions.

The judgment is affirmed.