Krasnoff et al., Appellants, v. Koopitman.

Argued October 10, 1934.

Before TREXLER, P. J., KELLER, CUNNING-HAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*Maurice G. Weinberg,* for appellant.

*William E. M. Poole,* and with him *J. Webster Jones,* of *Jones & Poole,* for appellee.

OPINION BY TREXLER, P. J., December 18, 1934:

This is an action in trespass brought by Pauline Krasnoff, a minor, her father joining in his own right and as next friend, to recover damages resulting from the colliding of two automobiles. She was sitting in the rear seat of a car which was driven by a Mr. Brown, who was taking her and two other girls to school. They proceeded west on Fairmount Avenue and were approaching Franklin Street. When they arrived at the latter street Brown stopped the car and, quoting his words, "looked on both sides of the street.

I seen a car [the defendant's] on the north side of Franklin Street about 100 feet away from me. I put my car in second and started to cross the street. When I crossed the Franklin Street track this here car ran into the rear part of my car and upset me to the southwest corner of Franklin Street."

The court below entered a non suit. We think the case was for the jury. The plaintiff, (the term being applied to the minor throughout) was a guest and the attorney for the defendant correctly states that the only question is, "Was there evidence of negligence on the part of the defendant?" He argues that the defendant had the right of way as against the plaintiff's driver approaching from defendant's left. It appears, however that when defendant was 100 feet distant from the crossing the driver of the car in which plaintiff was a guest was at the intersection. He, therefore, had the right of way by reason of his being at the crossing first. He crossed the street on second gear; he had proceeded so far that he was across the Franklin Street track and when the collision occurred the impact of the defendant's car upset his car and landed it at the southwest corner of the intersecting highways. This is not a case where the approaching vehicles arrived at the intersection at practically the same time. From the testimony that was received at the trial the plaintiff could have argued, with what success would have depended upon the view the jury would take, that the defendant when 100 feet away saw or should have seen the car in which the plaintiff was riding at the crossing, and that he proceeded in spite of the situation which was presented and continued to advance against one who was already committed to the crossing and had the right of way by reason of being there first.

The judgment of the lower court is reversed with a venire.