Cardone *v.* Sheldon Hotel Corporation, Appellant.

Argued October 7, 1946. Before BALDRIGE, P. J., RENO, DITHRICH, ROSS and ARNOLD, JJ. (RHODES and HIRT, JJ., absent).

*Michael A. Foley,* for appellant.

*Charles Polis,* with him *Philip S. Polis* and *Polis & Polis,* for appellee.

OPINION BY DITHRICH, J., January 17, 1947:

The sole question involved in this appeal is whether or not there was sufficient evidence of negligence on the part of defendant to require its submission to the jury. The jury found for plaintiff. Defendant filed a motion for judgment n. o. v. and from its refusal, brings this appeal. The single assignment of error is the refusal of its motion.

Plaintiff, a guest of the Geneva Club, an association of waiters and bartenders, was injured while dancing in the Crystal Ballroom of the Adelphia Hotel, Philadelphia. The facts (only one of which is in dispute) considered in the light most favorable to plaintiff, giving her the benefit of every reasonable inference and rejecting all others, in view of the verdict, are as follows. While plaintiff was absent from the ballroom, she having had occasion to visit the ladies' room, two men became involved in an altercation in the course of which one struck the other over the head with a bottle. The bottle broke into many pieces, and the contents of the bottle and the pieces of glass were spattered on part of

the dance floor. A houseman, at the direction of the manager of the banquet floor, removed or attempted to remove the litter with a mop and a dustpan. Shortly after this had been done, plaintiff returned to the dance floor and almost immediately started dancing. While dancing over the part of the floor where the bottle had been broken and its contents spilled, she slipped and her partner to prevent her falling grabbed her left arm and jerked it upward, causing a fracture of a part of the left humerus, the large bone extending from the shoulder to the elbow. The dance floor was dimly lighted, and after her mishap she saw for the first time that the place where she had slipped was wet and small particles of glass were on the floor. The sole of one of her shoes was wet and small particles of glass were imbedded in it. The same thing happened to the shoes of the woman who was at plaintiff's right and who was holding her right hand. They were in a large ring of dancers, presumably doing a "Paul Jones," and plaintiff's partner had hold of her left hand.

The gist of appellant's argument is that there was no actionable negligence on the part of the hotel management since it "cleaned up the mess" before the dancing resumed after the fight. It bases its contention largely on the testimony of the houseman, a witness called by plaintiff, who testified on cross examination that the floor was in "A number one" condition after he had mopped up the liquid and picked up the glass. While his testimony was damaging to plaintiff's case, it was not in any sense fatal. "While it is true the contradictory evidence in this case comes from plaintiff's witness, this at most calls for the application of the rule that if on one part of the plaintiff's testimony or that of a witness he is entitled to go to the jury and on another part he is not . . . it is for the jury to reconcile such conflicting statements and say which shall prevail: Cronmuller v. Evening Telegraph, 232 Pa. 14, 17,

and cases there cited": *Giles v. Bennett et al.,* 298 Pa. 158, 163, 164, 148 A. 90, 91, 92; *O'Farrell v. Mawson et al.,* 320 Pa. 316, 182 A. 538; *Shields v. Neff,* 133 Pa. Superior Ct. 289, 293, 2 A. 2d 622; *Cochran v. P. C. C. & St. L. R. R. Co.,* 110 Pa. Superior Ct. 411, 416, 417, 169 A. 10, 12.

To counter-balance or offset the testimony of the houseman who, incidentally, was called by plaintiff for the sole purpose of proving notice, she had the testimony of Violet Truhan, a disinterested witness, who said the houseman spent only "about a half a minute" cleaning up, and her further testimony which corroborated plaintiff's testimony as to the condition of the spot after the houseman had left.

It stands to reason that without the use of a brush or some utensil other than a mop all the particles of glass could not be removed from the floor, and it could reasonably be inferred that their presence on the spot that was still wet or damp contributed to the happening of the accident. In any event, it was a matter on which reasonable and well-balanced minds might differ and, therefore, presented a question of fact for the jury: *Straight v. B. F. Goodrich Co.,* 354 Pa. 391, 47 A. 2d 605.

The rule that it is incumbent upon the owner of premises upon which persons come by invitation, express or implied, to maintain such premises in a reasonably safe condition for the contemplated uses thereof and the purposes for which the invitation was extended, has become so universally and firmly established in the body of our law as to no longer require the citation of authority for it.

That brings us to the controlling question on this appeal: Did defendant show such compliance with the rule that the court could declare as a matter of law that it was not negligent? On the evidence presented and in the light of the authorities, we conclude that it did not. The nearest case in point is *Weir v. Bond Clothes, Inc.,*

131 Pa. Superior Ct. 54, 198 A. 896. There plaintiff's evidence established that wax on the floor where she had fallen "had not been rubbed down." The court held, page 58: "While the mere presence of wax or oil on the floor of business premises is not of itself negligence, where there is evidence tending to show that it was improperly applied, it becomes a question for the jury. See W. B. MacDonald et ux. v. F. & W. Grand, Inc., 89 Pa. Superior Ct. 526." The weakness of defendant's position was very aptly and succinctly summed up by the learned court below, as follows: "The defendant would have to admit that to allow the floor to be wet and particles of glass to remain on it after notice, would be evidence of negligence. It cannot be any different when a defendant has notice of a hazardous condition, undertakes to cure the condition, and does not do it. No person can absolve himself from a duty imposed by law by doing only half of it, or doing it improperly, . . ."

Judgment affirmed.