## Steffenson *v.* Lehigh Valley Transit Company, Appellant.

318

Argued January 4, 1949. Before MAXEY, C. J., DREW, STERN, PATTERSON, STEARNE and JONES, JJ.

*Edward J. Fox, Jr.,* with him *Fox & Oldt,* for appellant.

*Wm. C. Fulmer,* for appellee.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, March 21, 1949:

This is an action in trespass for injuries alleged to have been caused by the negligent operation of a street car by defendant's motorman. The jury returned a verdict for the plaintiff. Upon refusal of the court below to grant defendant's motion for a new trial or motion

for judgment *non obstante veredicto,* judgment was entered on the verdict. This appeal followed.

Viewing the evidence in the light most favorable to the plaintiff, the facts are as follows: On September 3, 1946, at about 7:30 p.m., d.s.t., plaintiff was driving his automobile south on Linden Street, in the City of Bethlehem. The weather was clear. Double trolley tracks on this street run north and south. Vehicles were parked along the western curb line so that there was not enough room for plaintiff to operate his automobile without straddling the western rail of the trolley track. Before proceeding south on Linden Street, plaintiff looked for the approach of a trolley car but saw none. When he arrived at the intersection of Union Street the traffic light was red. While stopped and waiting for the light to change, defendant's trolley car came up behind plaintiff's car and stopped. When the light changed, both vehicles proceeded south. Plaintiff was unable to pull out of the line of travel of the trolley because of the parked automobiles on the side of the street. He was driving at about ten miles per hour. The only available parking space was one hundred and fifty feet south of the intersection. As plaintiff approached this space, he intended to park and applied his brakes which automatically lighted his red tail lights. Plaintiff's automobile was instantly struck by the trolley car, causing the damage sued for. The motorman testified that plaintiff stopped three times along the route making it necessary for the motorman to stop the trolley car each time. The fourth time that plaintiff stopped, the trolley car collided with the rear of the car.

Defendant bases its appeal chiefly on questions of fact which the jury, upon a proper and adequate charge by the trial judge, resolved in favor of plaintiff. The evidence discloses substantial contradictory testimony on both sides. The credibility of these witnesses was clearly for the jury: *O'Farrell v. Mawson et al.,* 320 Pa.

316, 320, 182 A. 538; *Kindt v. Reading Company,* 352 Pa. 419, 422, 43 A. 2d 145.

In seeking a new trial, defendant contends that "the verdict is against the evidence and the weight of the evidence." The plaintiff and the motorman were the two principal witnesses at the trial. Plaintiff called the motorman as his witness to establish that the trolley collided with plaintiff's car. On cross-examination, the motorman gave some testimony which was favorable to the defendant *but the material part of this testimony was contradicted by plaintiff when he testified.* Defendant asserts that plaintiff was bound by the testimony of the motorman. This is not true, however, where the plaintiff contradicts the witness as to material facts testified to by him: *Pennsylvania Railroad Co. v. Fortney et al.,* 90 Pa. 323, 328; *Morningstar v. North East Pennsylvania R. R. et al.,* 290 Pa. 14, 20, 137 A. 800; *O'Farrell v. Mawson et al.,* supra, p. 320.

In arguing for judgment n. o. v., defendant contends that the motorman was not negligent because the trolley was being operated on its own rails where it had a superior right to be. An operator of an automobile who finds it necessary to drive along street car tracks does not do so at his peril merely because a street car company has a *superior* right to the use of the road occupied by its tracks. Although a street car company may have a superior right, it does not have the *exclusive* use of that part of the public street on which its tracks are laid: *Hinton v. Pittsburgh Railways Company,* 359 Pa. 381, 384, 59 A. 2d 151. As both parties had a right to be where they were, each was bound to be on the lookout for the other: *Abbie Warner v. Peoples' St. Railway Co.,* 141 Pa. 615, 619, 21 A. 737.

Defendant further contends that the rule regarding the *"assured clear distance"* ahead as provided in Article X of The Vehicle Code, Act of May 1, 1929, P. L. 905, as amended, 75 PS 501, viz.: ". . . no person shall drive

any vehicle, upon a highway at such a speed as to endanger the life, limb, or property of any person, nor at a speed greater than will permit him to bring the vehicle to a stop within the assured clear distance ahead", has no application to the operation of *trolley cars*. This argument lacks merit. A motorman of a street car operating on a city street is under a duty to keep a constant lookout ahead, and to have such control of the trolley car at all times that it may be stopped before doing injury to any person in any situation that is likely to arise under the circumstances: *Perry, Administrator, et al. v. Pittsburgh Railways Company*, 357 Pa. 608, 612, 55 A. 2d 354; *Hinton v. Pittsburgh Railways Company*, supra, p. 385, and cases therein cited. Whether or not adequate control was exercised by the motorman under the circumstances was a question for the jury. There was ample evidence to warrant a finding that the motorman was negligent. The motorman himself testified that the trolley was following plaintiff's automobile. The evidence is clear that the plaintiff did not have room to get off the tracks. The motorman should have anticipated that plaintiff would attempt to leave the tracks at the first available point.

Finally, defendant asserts that plaintiff was guilty of contributory negligence as a matter of law. The argument is based on the contention that plaintiff stopped his automobile suddenly without giving a warning by an arm or hand signal. This, the defendant argues, violates The Vehicle Code of May 1, 1929, P. L. 905, Article X, Section 1012, as amended by the Act of June 27, 1939, P. L. 1135, Section 25; 75 PS 571. Plaintiff testified that he had not come to a full stop when the collision occurred. Again this raised an issue of fact which only the jury could resolve. Even though it is alleged that failure to give a hand and arm signal is a violation of the statute, this is no proof of contributory negligence. Such violation must be the *proximate cause* of the acci-

dent: *Hayes et ux. v. Schomaker,* 302 Pa. 72, 152 A. 827; *Hutchinson v. Follmer Trucking Company,* 333 Pa. 424, 427, 5 A. 2d 182, and cases therein cited. Moreover, the signal required by The Vehicle Code, supra, need not be solely a hand and arm signal. The Act provides, inter alia, that "(b) The signal herein required shall be given by means of the hand and arm, in the manner herein specified, *or by an approved mechanical or electrical signal device. . . .*" (Italics supplied.) The jury could have found that when plaintiff put his foot on the brake to slow down, the red signal light on the rear of his car was a fair warning to the motorman operating the street car. If the motorman had been operating the trolley in a manner commensurate with the degree of care required under the circumstances, he should have had ample time to stop after seeing this signal. Contributory negligence will be declared as matter of law only when it is so clearly revealed that fair and reasonable persons could not disagree as to its existence: *Hinton v. Pittsburgh Railways Company,* supra, and the cases cited therein.

Judgment affirmed.