Habel *v.* Longenecker, Appellant.

Argued March 21, 1951. Before RHODES, P. J., HIRT, RENO, ROSS, ARNOLD and GUNTHER, JJ. (DITHRICH, J., absent).

*Ralph M. Barley,* with him *Paul A. Mueller,* for appellant.

*John W. Beyer,* with him *Arnold, Bricker and Beyer,* for appellee.

OPINION BY ROSS, J., July 19, 1951:

This is a trespass action involving an intersection collision between automobiles owned and operated by the parties. The jury returned a verdict for the plaintiff and after defendant's motion for judgment n.o.v. was refused, she took this appeal.

We shall examine the testimony, as we must on a motion for judgment n.o.v., in the light most advantageous to the plaintiff. He must be given the benefit of every fact and every reasonable inference of fact arising therefrom and any conflict in the evidence must be resolved in his favor. *McDonald v. Ferrebee,* 366 Pa. 543, 79 A. 2d 232; *Menzel v. Lamproplos,* 168 Pa. Superior Ct. 329, 77 A. 2d 645. Thus viewed, the evidence establishes the following facts:

The collision which gave rise to this action occurred in Lancaster County at the intersection of a road running north and south between Fairland and Lime Rock, and one running east and west between Manheim and Lititz. The intersection is in open country and neither road is controlled by a stop sign or traffic light. About 75 feet to the west of the Fairland-Lime Rock road and about 20 feet south of the Manheim-Lititz road there is a chicken house of undisclosed dimensions. There is a "slight" down grade on the Manheim-Lititz road immediately west of the chicken house. At the southwest corner of the intersection there is a Coca Cola sign about 2 or 2½ feet wide. The day on which the accident occurred was clear and the roads were dry.

The plaintiff, traveling north on the Fairland-Lime Rock road, approached the intersection at about 2 p.m. on October 10, 1946. He "slowed down" and when he was within 3 or 4 feet of the intersection—"where I

could see past the Coca Cola sign"—looked to his left and, seeing no car approaching from the west, entered the intersection. Then he looked to his right, saw an automobile approaching from that direction but believing it at a safe distance—as it was—proceeded to cross the westbound lane of the road and looked to his left again, at which time he observed the defendant's car bearing down on him from the west, on her left—or wrong—side of the road. Almost immediately thereafter the collision occurred. At the point of impact, the front wheels of plaintiff's car had entirely cleared the intersection, the car being struck about the middle of the left side.

Appellant's principal contention is that plaintiff was guilty of contributory negligence as a matter of law. She advanced no evidence of it at the trial, and now requests us to find contributory negligence so clearly revealed in plaintiff's evidence—by implication, from an alleged failure of proof on plaintiff's part to show his freedom from it—as to call for a determination by us of its existence. Circuit Judge (now Mr. Justice) Jones has set forth a clear explanation of the operation of the rule as to burden of proof of contributory negligence in Alcaro v. Jean Jordeau, Inc., 138 F. 2d 767, 770. We quote: "Under Pennsylvania's rule it is the defendant's burden to establish the plaintiff's contributory negligence. . . . In meeting that burden, the defendant may of course avail himself of any material evidence in the record even by taking recourse to the plaintiff's evidence . . . but the burden of satisfying the jury by a preponderance of the evidence that the plaintiff was guilty of contributory negligence remains upon the defendant. It is true that the plaintiff must make out a case of the defendant's negligence free of contributory negligence. But that has reference to evidence of contributory negligence which so clearly appears, either conclusively as a fact

or by necessarily exclusive inference from the plaintiff's evidence, as to justify a nonsuit. It 'does not mean that, after proving affirmatively that the defendant's negligence caused the injury, he [the plaintiff] must prove negatively that he himself was not guilty of negligence that contributed to the result.' Clark v. Lancaster, 229 Pa. 161, 163, 78 A. 86, 87." See also *Gaskill v. Melella,* 144 Pa. Superior Ct. 78, 18 A. 2d 455.

In determining the question of plaintiff's contributory negligence it must be considered at the outset that he had the right of way, and while he could not rely blindly on this fact, he had a right to assume, within reasonable limits, that the defendant would perform his duty and respect the plaintiff's right of way. *Brown v. McNamara,* 160 Pa. Superior Ct. 206, 50 A. 2d 748; *McCormick Transp. Co. v. Philadelphia Transp. Co.,* 161 Pa. Superior Ct. 533, 55 A. 2d 771.

It cannot successfully be contended that the plaintiff tested an obvious danger when there is absolutely nothing in the record to show the existence of *any* danger that was *obvious.* Likewise, it can hardly be contended that he should have seen the defendant's car when there is nothing in the record to show that the defendant's car was visible when the plaintiff entered the intersection. The verdict establishes the verity of his testimony and he testified unequivocally that the road to his left—the direction from which defendant's car came—was clear of all traffic. Consequently, the cases cited by the appellant relative to the testing of an obvious danger and also the cases relative to a failure to see what one should have seen, have no application to the facts in this case. The record discloses nothing the plaintiff did or failed to do that contributed in any way to the collision.

For a court to be justified in declaring a person contributorily negligent as a matter of law, evidence of

such negligence must be so clear and unmistakable that no reasonable basis remains for an inference to the contrary. *Mogren v. Gadonas,* 358 Pa. 507, 58 A. 2d 150; *Dodson v. Phila. Transp. Co.,* 366 Pa. 287, 77 A. 2d 383. There is no such evidence in this case.

Appellant also contends that there is no evidence to show that the defendant was negligent, but in our opinion her negligence cannot be seriously questioned. It is clear that she violated the statutory duty imposed on her by section 1013 of The Vehicle Code of Pennsylvania (Act of May 1, 1929, P. L. 905 as amended, 75 PS 572) which provides: "(a) When two vehicles . . . approach or enter . . . an intersection *at approximately the same time,* the driver of the vehicle . . . on the left, shall yield the right of way to the vehicle . . . on the right, except as otherwise provided in this act. . . . (b) The driver of a vehicle . . . *approaching but not having entered an intersection,* shall yield the right of way to a vehicle *within such intersection. . . .*" (Italics supplied.) Applied to the facts of this case, defendant was "the driver of the vehicle on the left" who should have yielded the right of way to plaintiff-driver of "the vehicle on the right", *had the two cars entered the intersection at approximately the same time.* However, since *the plaintiff had already entered the intersection,* and was in fact practically across when the collision occurred, subsection (b) is controlling, and defendant as the driver of the "vehicle approaching but not having entered the intersection" should have yielded the right of way, and had she done so the collision would not have occurred. The violation of a mandatory provision of The Vehicle Code has been held to be negligence, and therefore, actionable without more if it happens to be the proximate cause of the injury in suit. *Jinks v. Currie,* 324 Pa. 532, 188 A. 356; *Fisher v. Hill,* 362 Pa. 286, 66 A. 2d 275; *Wermeling v. Shattuck,* 366 Pa. 23, 76 A. 2d 406. The verdict

of the jury is a finding that appellant was negligent and this finding is supported by the evidence.

Judgment affirmed.