Richardson *v.* Wilkes-Barre Transit Corporation,
Appellant.

Argued March 2, 1953. Before RHODES, P. J., HIRT, RENO, ROSS, GUNTHER and WRIGHT, JJ. (DITHRICH, J., absent).

*William S. McLean,* for appellant.

*J. Campbell Collins,* with him *John H. Collins* and *Collins & Collins,* for appellee.

OPINION BY WRIGHT, J., March 17, 1953:

On April 3, 1950, about 1:30 a.m., plaintiff Richardson was operating his automobile west on Sullivan Street in the City of Wilkes-Barre. At the same time a truck of defendant Wilkes-Barre Transit Corporation was being operated by one of its employes north

on South Franklin Street. At the intersection in question there was a stop sign for traffic on Sullivan Street. The two motor vehicles came into collision, and suit followed. The jury returned a verdict for plaintiff in amount of $1500.00 covering property damage and personal injury. This appeal is from the refusal of the lower court to enter judgment n.o.v. or to grant a new trial. Our conclusion is that the case was properly decided by the court below.

So far as its motion for judgment n.o.v. is concerned, appellant contends first that the indisputable physical evidence conclusively demonstrates the falseness of plaintiff's testimony; and second that the plaintiff's case reveals contributory negligence as a matter of law. In considering a motion for judgment non obstante veredicto, the testimony must be viewed in the light most advantageous to the party who has the verdict, giving him the benefit of every reasonable inference of fact arising therefrom and resolving any conflict in the evidence in his favor: *Miller v. Hickey*, 368 Pa. 317.

Plaintiffs testimony was that he stopped at the curb and looked left and right, then drove seven feet into the intersection, stopped, and again looked left and right. He then proceeded across the intersection, looking again to the left and right as the front of his car reached the middle of South Franklin Street. Defendant's truck approached on the west or wrong side side of South Franklin Street, with dim lights, and at an excessive speed.

Defendant's position is that photographs of the damage to its truck establish that the collision could not have happened as testified to by the plaintiff. We have examined the photographs in question and they do not conclusively establish how the collision occurred. That question was properly submitted to the jury. It is

well settled that the incontrovertible physical facts rule has no relevancy where the testimony of witnesses is needed in order to apply those facts to the issue in the case: *DiGregorio, Admr., v. Skinner et al.*, 351 Pa. 441. Whether the testimony of defendant was more believable than that of plaintiff, in the light of the incontrovertible physical facts with respect to the damage to the motor vehicles, depended upon a matter of credibility which was for the jury to resolve: *Streilein et al. v. Vogel et al.*, 363 Pa. 379.

Contributory negligence will be declared as a matter of law only where it is so clear that there is no room for fair and reasonable disagreement as to its existence. If reasonable doubt exists as to the inferences that may be drawn from the oral evidence, then it must be submitted to a jury: *Szukics v. Ruch*, 367 Pa. 646. It is the duty of a driver of a vehicle entering a two way street to look first to his left and then to his right. He must look to his right again as he nears the middle of the street: *Zeigler v. Gullong*, 168 Pa. Superior Ct. 637. Defendant's position is that plaintiff's view to his left was obscured. But the testimony is that plaintiff looked not only when he entered the intersection, but twice thereafter as his view became enlarged. In the language of Judge FLANNERY of the court below, "what more could have been done than was done by the plaintiff to exercise every care".

Coming now to the motion for a new trial, appellant contends (1) that the testimony of an expert witness as to automobile damage was improperly admitted, (2) that a witness for plaintiff made a prejudicial remark regarding insurance, (3) that the trial judge erred in charging the jury as to pain and suffering.

The plaintiff called an expert witness as to the value of his car before the accident and as to its value after repairs due to the accident. This was competent

testimony: *Drake v. Emhoff*, 145 Pa. Superior Ct. 498. Its weight was for the jury to determine. The case of *Crowley v. Snellenburg et al.*, 89 Pa. Superior Ct. 263, relied upon by counsel for appellant, is not controlling. In that case there was no competent evidence as to the value of the automobile after the accident.

Plaintiff's mechanic, testifying on direct examination as to his repair bill, said "I think there was several people bid on it. There was an adjuster on it and he looked it over and he agreed to it." Appellant contends this statement was prejudicial because it implied that defendant was insured against liability. In the first place, we do not perceive that the remark in question would reasonably lead the jury to believe that a verdict for plaintiff would be paid by an insurance company: *King v. Keller*, 90 Pa. Superior Ct. 596. The remark was too indefinite to violate the rule prohibiting reference to insurance: *Cain v. Kohlman*, 344 Pa. 63, 69. In the second place, defendant's counsel brought out upon cross examination of the plaintiff, that plaintiff carried insurance on his automobile, that plaintiff had talked with his insurance adjuster, and that plaintiff's insurance company had reimbursed defendant for the damages to its truck. The court below did not abuse its discretion in refusing to withdraw a juror under the circumstances.

Appellant's final position is that plaintiff had received only a minor injury to his knee and that his complaints of subsequent nervousness and fright were improperly submitted to the jury as evidence of pain and suffering. It is true that there can be no recovery for suffering resulting from fright or nervous shock unaccompanied by physical injuries: *Koplin v. Liggett Co.*, 322 Pa. 333. In the case at bar, however, plaintiff testified that his left knee was injured, that he was shaken and dazed, and that he suffered from a nervous

condition after the accident which he did not have before. In this he was corroborated by a physician. Under the circumstances, plaintiff was entitled to recover damages for both physical and mental pain and suffering: *Scott Township v. Montgomery,* 95 Pa. 444. Mental suffering is an element of damage if, as here contended, it was caused by a sense of peril at the time of the physical injury: *Linn v. Duquesne Boro,* 204 Pa. 551, 554. It was therefore proper for the court below to submit this question to the jury.

Judgment affirmed.