## Coventry, Appellant, *v.* Keith.

Argued March 15, 1954. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE and ERVIN, JJ.

*Henry T. Reath,* with him *John B. Martin* and *Duane, Morris & Hecksher,* for appellant.

*Thomas E. Comber, Jr.,* with him *Francis E. Marshall* and *Pepper, Bodine, Stokes & Hamilton,* for appellee.

OPINION BY WRIGHT, J., July 13, 1954:

This is an appeal from an order of the court below entering judgment n.o.v. after a verdict for the plaintiff in a trespass arising out of an automobile collision. We must view the testimony in the light most ad-

vantageous to the party having the verdict, giving him the benefit of every reasonable inference of fact arising therefrom: *Miller v. Hickey,* 368 Pa. 317, 81 A. 2d 910.

The collision in question occurred at seven o'clock p.m. on August 6, 1951. It was daylight, and the weather was clear. Appellant was proceeding north on Forrest Avenue in the City of Philadelphia, approaching a right angle intersection with Wadsworth Avenue. Both are two-way streets, with paved surfaces and without trolley tracks. Forrest Avenue is 36 feet wide between curb lines, with 12 foot sidewalks. Wadsworth Avenue is 42 feet wide between curb lines, with 14 foot sidewalks. The intersection in question is not controlled by traffic lights or stop signs. When appellant was 20 feet south of the south curb of Wadsworth Avenue, he looked to his right and saw appellee's car 290 feet away, proceeding west at a speed of 25 to 30 miles per hour. When appellant reached the south curb of Wadsworth Avenue, he again looked to his right and saw appellee's car at a distance of 150 to 160 feet, travelling at 30 to 35 miles per hour. Finally, when appellant was "a little bit across the middle of the intersection. . . one-third of the length of my car", he looked for a third time and "got a glimpse of" appellee coming "like a flash of lightning". Appellant testified that his own speed as he approached the intersection was 15 miles per hour, that he increased this speed to 20 miles per hour as he entered the intersection, and that, when he last saw appellee, he "jammed on the gas" in the hope that appellee would pass to his rear. Appellant's car was struck at the middle of the front door on the right side.

Counsel for appellant contends that the "question here is whether the plaintiff in crossing a two-way street made an observation for traffic coming from his

right, not only at the curb line, but again at the middle of the intersecting street, to determine whether, under the circumstances, it was safe for him to continue across". It is of course well settled that a driver entering a two-way street must look first to his left and then to his right, and that he must look again to his right as he nears the middle of the street: *Richardson v. Wilkes-Barre Transit Corp.*, 172 Pa. Superior Ct. 636, 95 A. 2d 365. In the case at bar, however, appellant should not have entered the intersection at all unless he was prepared to stop at the center. Assuming arguendo that appellant did look to his right again as he neared the middle of the street, it was then too late since he could not stop. In the words of Judge Alessandroni in his charge to the jury: "Obviously, when the plaintiff saw the car the third time nothing could be done about it; a collision was bound to happen".

Although contributory negligence should be declared as a matter of law only when it is so clearly revealed that fair and reasonable persons could not disagree as to its existence, *Carden v. Philadelphia Transportation Co.*, 351 Pa. 407, 41 A. 2d 667; *Steffenson v. Lehigh Valley Transit Co.*, 361 Pa. 317, 64 A. 2d 785; *Gogel v. Bayer*, 165 Pa. Superior Ct. 491, 69 A. 2d 161, we are entirely in accord with the conclusion of President Judge Smith of the court below that appellant must be denied recovery because he attempted to cross Wadsworth Avenue "when it would have been apparent to any reasonable man, that if he proceeded on, a collision was inevitable". In the words of President Judge Trexler in *Primio v. Haertter*, 115 Pa. Superior Ct. 564, 176 A. 58: "There is no rigid rule as to how far away the approaching vehicle must be to allow another vehicle approaching the same crossing from the side to continue to advance without

its driver being guilty of negligence. Each case must be determined by the circumstances, but taking the slow advance of the plaintiff, his ability to stop in a short distance, the rapid approach of the defendant's truck and the distance to be traveled before the paths of the two trucks would intersect, we cannot escape the conclusion that under the undisputed facts in the case the accident was due to plaintiff's lack of caution. The plaintiff was not so far in advance of the other truck, considering all the attending circumstances, as to afford reasonable time to clear the crossing. The lower court was right in deciding, as a matter of law, that the plaintiff was negligent".

Appellant argues that, having reached the intersection first travelling at 15 miles per hour, he was justified in assuming that appellee, then 150 to 160 feet east travelling 30 to 35 miles per hour, would respect his (appellant's) superior right of way. See Section 1013(b) of the Vehicle Code, Act of May 1, 1929, P. L. 905, as amended, 75 PS 572(b). Assuming that appellant did reach the intersection first, he was not excused from exercising ordinary care: *Przybyszewski v. Nunes,* 168 Pa. Superior Ct. 311, 77 A. 2d 703; *Alperdt v. Paige,* 292 Pa. 1, 140 A. 555. However, being the operator of a vehicle on the left approaching an intersection at approximately the same time as a vehicle on the right, appellant was bound to yield the right-of-way under Section 1013(a) of the Code (75 PS 572(a)). As we said in *McMillan v. Mor Heat Oil and Equipment Co., Inc.,* 174 Pa. Superior Ct. 308, 101 A. 2d 413, appellant "was not sufficiently far in advance of appellant's (the appellee here) vehicle to afford him a reasonable opportunity to clear the crossing, and common prudence required that he should not proceed. A motorist may not lawfully enter an intersection in the face of an approaching vehicle

where (as in the present case) the possible margin of safety is so close that a reasonably prudent man would not be justified in believing he had sufficient time to cross". See also *Weinberg v. Pavitt,* 304 Pa. 312, 155 A. 867, and *Mannix v. Lamberton,* 167 Pa. Superior Ct. 393, 74 A. 2d 515.

In the case at bar, when appellant was 20 feet south of the south curb, he first observed appellee at a distance of 290 feet. When appellant reached the south curb, he saw that appellee had covered nearly one-half the intervening distance, while he (appellant) had traveled only 20 feet. By continuing under the circumstances to proceed into the intersection, he assumed an obvious risk. "In analogous circumstances we have held that the driver who commits himself to a crossing at an intersection in the face of a rapidly approaching vehicle thereby tests an obvious danger, and comes under the duty of continuing his observation of the other vehicle so that he may thereafter avert the consequences of his own carelessness. Appellant's failure to do so renders him guilty of contributory negligence as a matter of law": *Toyer v. Hilleman,* 320 Pa. 417, 183 A. 53. See also *Affelgren v. Kinka,* 351 Pa. 99, 40 A. 2d 418.

Appellant's first testimony was somewhat confused. In the words of his trial counsel, "Mr. Coventry, I am not quite clear—I am not too sure whether the jury is clear either". Upon further examination by his attorney, appellant gave a more understandable version of the manner in which the collision occurred. This version was made entirely clear on cross-examination, and was submitted to the jury by the trial judge, without objection on appellant's part, as his (appellant's) theory of the factual situation. Appellant now contends that his testimony was conflicting and it was for the jury to reconcile such conflicting statements and

determine which should prevail, citing *Cardone v. Sheldon Hotel Corp.*, 160 Pa. Superior Ct. 193, 50 A. 2d 700. But this rule is not applicable where appellant's attention was called to the contradictions, and his final statement showed contributory negligence: *Black et al. v. Philadelphia Rapid Transit Co.*, 239 Pa. 463, 86 A. 1066; and *Kessler, Adm. v. Phila. R. T. Co.*, 107 Pa. Superior Ct. 143, 163 A. 393.

Judgment affirmed.

———

DISSENTING OPINION BY WOODSIDE, J.:

I cannot agree with my esteemed colleagues that the facts related in the majority opinion convict the appellant of contributory negligence as a matter of law.

The evidence shows that appellant approached the intersection at 15 miles per hour. After he reached the curb line and committed himself to the intersection he increased his speed to 20 miles an hour, or slightly over. When he reached the curb line and was about to enter the intersection the appellee's car was 150 to 160 feet away and thus had to travel three or four times as far as the appellant's car to reach the point of collision.

While traveling slightly over 40 feet, which at his speed took about two seconds, the appellant looked to the right three times, seeing the appellee's car each time. The last time he looked to the right the front of his car was four or five feet beyond the center of the intersection. The appellee's car was even then about 30 to 40 feet away.

For us to say that appellant was guilty of contributory negligence as a matter of law because the last time he looked to the right the front of his car

was a "little bit" beyond the center of the intersection, and he was thus four or five feet or less than one-fifth of a second too late, is, in my opinion, drawing the line too fine. In the first place no witness can be depended upon to recreate an automobile accident with such minute accuracy. In the second place, it is unrealistic for us to lay down a rule as to the *exact* instant when, and the *exact* spot where, a motorist must look in a particular direction, and then apply such rule without any deviation to meet the facts of a particular case. Street intersections vary in size and in many other ways. In crossing a city street intersection a motorist must be alert to (1) pedestrians entering the roadway from any one of four sidewalk corners; (2) traffic ahead; (3) traffic to the right; (4) traffic to the left; (5) the road bed; (6) traffic signs and stop lights. The exact instant and spot the motorist should look in any particular direction cannot be minutely determined by inflexible rules pronounced by an appellate court.

Where the appellant looked three times to the right, once when 20 feet from the intersection, once when at the curb line and once when the front of his car was about one-third of its length beyond the middle of the intersection, in my opinion, it is for the jury to say whether it was negligence to enter the intersection when the other car was 150 to 160 feet away, and whether it was negligence not to have looked for the third time, a fifth of a second sooner. This having been resolved by the jury in favor of the appellant I would abide by the verdict.

*The appellant, and not the appellee, had the right of way.* When he entered the intersection the appellee's car was 150 to 160 feet away. Under Section 1013(b) of The Vehicle Code, Act of May 1, 1929, as amended, 75 PS 572(b) the driver of a vehicle "ap-

proaching but not having entered an intersection" must yield the right of way to a vehicle within such intersection. Not only did appellant have the right of way but he also had a right to assume appellee would obey the law and yield the right of way to him. *Habel v. Longenecker,* 169 Pa. Superior Ct. 146, 82 A. 2d 714 (1951); *Rhinehart v. Jordan,* 313 Pa. 197, 169 A. 151 (1933); *Barton v. Franklin,* 309 Pa. 243, 163 A. 521 (1932).

The motorist to the right does *not* have the right of way when one car has entered the intersection and the other is approaching, and the Legislature has specifically and definitely so stated in Section 1013(b) supra. It very wisely did not attempt to make it an "exact spot rule", and thus provided in Clause (a) that the motorist to the right has the right of way when the two enter the intersection, or approach it, at approximately the same time; but certainly Clause (b) and not Clause (a) applies when one motorist is 150 to 160 feet away when the other car enters the intersection. *Krasnoff et al. v. Koopitman,* 115 Pa. Superior Ct. 475, 175 A. 711 (1934); *Weber v. Greenebaum,* 270 Pa. 382, 113 A. 413 (1921); *Barton v. Franklin* supra.

If, in this case, contributory negligence "is so clearly revealed that any reasonable person could not disagree to its existence," my colleagues must classify me, as well as the jury, among the "unreasonable."

I would reverse the lower court and reinstate the verdict of the twelve jurors, who after hearing all the testimony, were in my opinion, neither unfair nor unreasonable in determining that the appellant was free of contributory negligence.

Ross, J. joins in this dissent.