## Weigel *v.* Kravitz, Appellant.

Argued March 28, 1955. Before RHODES, P. J., HIRT, ROSS, WRIGHT, WOODSIDE and ERVIN, JJ. (GUNTHER, J., absent)

*Leon Rosenfield,* with him *Alfred Sarowitz,* for appellant.

*Manfred Landau,* with him *Romain C. Hassrick,* for appellee.

OPINION BY WRIGHT, J., July 21, 1955:

This is an appeal by defendant from the refusal of the Court below to enter judgment n.o.v. after a verdict in favor of plaintiff in a trespass action for property damage resulting from the collision of two trucks at a right angle street intersection in the City of Philadelphia. It is our duty to review the testimony in the light most favorable to plaintiff, resolving all conflicts in his favor, and giving him the benefit of every fact and inference of fact reasonably to be deduced from the evidence: *McMillan v. Mor Heat Oil and Equipment Co.,* 174 Pa. Superior Ct. 308, 101 A. 2d 413. Having performed that duty, we all agree that recovery must be denied on the ground of contributory negligence.

The record discloses that the collision occurred on August 27, 1952, about 1:30 p.m. at the intersection of Orthodox and Bermuda Streets. There are no traffic controls at this intersection. The day was clear, the weather dry, and the streets in good condition. Orthodox is a one-way street running east and west. It is 30 feet wide with 10 foot sidewalks. Bermuda is a two-way street running north and south. It is 26 feet wide with 12 foot sidewalks. Dalton, an employe of Weigel, was driving east on the south side of Orthodox Street at 15 miles per hour. When he was 20 feet west of the west curb line of Bermuda Street, he looked to his left and observed the Kravitz truck coming south on the east side of Bermuda Street "about 50 or 60" feet north of the north curb line of Orthodox Street. Its speed was "about 35 or 40" miles an hour. When

Dalton reached the west curb line of Bermuda Street, he again looked to his left. The Kravitz truck was then "about 20" feet north of the north curb line of Orthodox Street. In Dalton's words, "I figured I was at the corner first and I went the rest of the way through and he caught me on the back fender".

The case at bar is controlled by our recent decisions in *McMillan v. Mor Heat Oil and Equipment Co.,* supra, 174 Pa. Superior Ct. 308, 101 A. 2d 413, and *Coventry v. Keith,* 175 Pa. Superior Ct. 504, 106 A. 2d 658. In the *McMillan* case when plaintiff reached the intersection, defendant's truck was 75 feet away. We held that plaintiff, assuming an obvious risk, was not sufficiently far in advance of the approaching vehicle "to afford him a reasonable opportunity to clear the crossing, and common prudence required that he should not proceed". In the *Coventry* case, when plaintiff reached the intersection, defendant's truck was 150 feet away. We held that plaintiff should not have attempted to cross "when it would have been apparent to any reasonable man that, if he proceeded on, a collision was inevitable". In the instant case, Dalton heedlessly entered the intersection when the approaching truck was only 20 feet distant from the curb line. He was obviously guilty of contributory negligence.

Assuming arguendo, as contended in appellee's brief, "that the plaintiff had arrived at the intersection before defendant and had started by right of way to cross", Dalton was not thereby excused from the duty to exercise ordinary care. Counsel for appellee has cited *Armstrong v. Reading Street Railway Co.,* 171 Pa. Superior Ct. 65, 90 A. 2d 277; *Richardson v. Wilkes-Barre Transit Corp.,* 172 Pa. Superior Ct. 636, 95 A. 2d 365; and *Klatt v. Daniels,* 173 Pa. Superior Ct. 563, 98 A. 2d 649. We deem it unnecessary to prolong this opinion with a recital of the facts in those

cases. It is clear that they do not control the situation presently under consideration.

Judgment reversed, and here entered for the appellant.