Stewart *v.* Supplee-Wills-Jones Milk Company, Appellant.

584

Argued October 6, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE, and ERVIN, JJ.

*Gordon W. Gerber,* with him *Owen B. Rhoads,* and *Barnes, Dechert, Price, Myers & Rhoads,* for appellant.

*Thomas R. White, Jr.,* for appellee.

OPINION BY GUNTHER, J., January 17, 1956:

This is an action in trespass for damages to plaintiff's automobile arising from an intersection collision with defendant's truck. Trial was held before a judge sitting without a jury and a verdict was rendered in favor of the plaintiff. Defendant moved for judgment n.o.v. which was denied by the court below and defendant has appealed.

Plaintiff's driver testified that he was operating plaintiff's automobile in a westerly direction on Hazel Avenue in Philadelphia; that he came to a stop at the intersection of Hazel and 61st Street, where there are no traffic controls; that he then proceeded slowly into the intersection, his view to the left being blocked by a truck parked close to the corner; that suddenly the defendant's truck appeared in front of him, approaching from his left, and he was unable to avoid striking it.

Defendant's driver was called as on cross-examination by plaintiff and, after objection was overruled, testified as follows: that he was driving north on 61st Street; that as he approached the intersection of Hazel Avenue he was unable to see to his right because of the parked truck which had also blocked the view of the plaintiff's driver; that he therefore entered the intersection slowly and was able to see plaintiff's car approaching only when he was about ten feet into the intersection; that he did not stop because if he had done so plaintiff's car would have struck him in the cab instead of the rear of his truck, assuming plaintiff's car did not come to a halt; that he therefore proceeded and was struck in the rear of his truck.

It is conceded that plaintiff's driver was a bailee and that therefore any contributory negligence of which he may have been guilty is not imputable to

plaintiff. However, plaintiff's driver was not joined as an additional defendant.

Defendant contends that the testimony was insufficient to make out a prima facie case of negligence. It is further contended that the testimony of defendant's driver should not have been considered because the court below erroneously allowed him to testify for plaintiff as on cross-examination. It is true that the court below should have sustained defendant's objection to his driver's testimony as on cross-examination, since the Act of May 23, 1887, P. L. 158, Section 7, as amended, 28 PS 381, which permits cross-examination of certain parties, clearly does not include this driver within its scope. However, the driver was thereafter called as a witness for defendant. While acting as such witness he was examined by the trial judge concerning the facts of the collision and substantially reiterated his testimony given as on cross-examination. Before doing so the trial judge asked if there would be any objections and none was made. Thus defendant's driver gave testimony concerning the happening of the accident while acting as defendant's witness and it was proper to consider that testimony in arriving at a verdict.

The sole remaining issue is whether the evidence is sufficient to sustain a finding of negligence on the part of the defendant. Since this is an appeal from the refusal of judgment n.o.v. it is our duty to review the testimony in the light most favorable to the party having the verdict, giving her the benefit of every fact and inference of fact reasonably to be deduced from the evidence: *Stoner v. Penn-Brixite, Inc.*, 177 Pa. Super. Ct. 189, 110 A. 2d 904. Viewed in that light the testimony discloses that defendant entered the intersection without being able to see to his right until he was well into the intersection, at which time he discovered that the

plaintiff's car was almost upon him. Since there were no traffic controls at the intersection and since by the testimony of both drivers they reached the intersection at almost the same time, plaintiff's driver had the right of way. *Coventry v. Keith,* 175 Pa. Superior Ct. 504, 106 A. 2d 658. Defendant's driver was bound to use due care, and, being unable to see to his right, he should have come to a full stop before entering the intersection, which he admittedly did not do. In *Coventry v. Keith,* supra, the plaintiff was found guilty of contributory negligence where he proceeded across an intersection when the defendant was at least 150 feet away and to his right, on the theory that a motorist may not lawfully enter an intersection or continue to cross in the face of an approaching vehicle where the possible margin of safety is too close. How much stronger a case is this where defendant entered the intersection without coming to a halt and unaware of whether a vehicle was approaching? This evidence is clearly sufficient to constitute proof of defendant's negligence. The issue of negligence on the part of plaintiff's driver is not before us, since, as a bailee, his contributory negligence could not be imputed to plaintiff.

Judgment affirmed.