## Cronmuller, Appellant, *v.* Evening Telegraph.

*Negligence—Pedestrian—Wagon—Contributory negligence—Case for jury.*

1. In an action against the owner of a wagon to recover damages for personal injuries, it appeared that the plaintiff was struck by the shaft of the wagon while proceeding on a crossing from the pavement to a street car that was standing at a regular stopping place to receive passengers. The wagon was being driven north on the east side of the street on which the car ran south. When fifty or sixty feet from the standing car the driver turned in front of it to the west side of the street and passed by the car in a space about nine feet wide with his horse on a fast trot. While doing so he struck the plaintiff. *Held*, that the question of the driver's negligence was for the jury.

2. In the above case the plaintiff testified on his examination in chief that he stood on the street corner waiting for a car running south, that when the car was about stopped and the middle of it was opposite to him, he looked south and then north, and saw that the way was clear in both directions. He then took three or four steps towards the car and was struck when within a step of it. On his cross-examination, however, he testified that when standing on the pavement at the corner, he did not look south but kept looking north. *Held*, (1) that the plaintiff in his cross-examination did not contradict his statement that he looked south when the middle of the car was opposite to him, inasmuch as he could look south when he was advancing towards the crossing; and (2) that even if there was a contradiction, the case was still for the jury.

3. Where the testimony whether of the plaintiff or his witnesses is contradictory, and on one part of it he is entitled to go to the jury, and on the other part he is not, it is for the jury to reconcile the conflicting statements and to say which shall prevail.

Argued March 21, 1911. Appeal, No. 10, Jan. T., 1911, by plaintiff, from order of C. P. No. 2, Phila. Co., Dec. T., 1905, No. 1,346, refusing to take off nonsuit in case of William F. Cronmuller v. The Evening Telegraph, Charles E. Warburton, Founder. Before Fell, C. J., Brown, Potter, Elkin and Stewart, JJ. Reversed.

Trespass to recover damages for personal injuries. Before Wiltbank, J.

The facts are stated in the opinion of the Supreme Court.

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was refusal to take off nonsuit.

*Charles Hunsicker,* with him *J. Ernest Nachod* and *Joseph W. Hunsicker,* for appellant.—It is the duty of drivers of wagons to approach street crossings, recognizing the fact that people may attempt to cross at that street, and it therefore becomes a duty to have the team in such condition as to be able to stop it: Kleinert v. Ice & Coal Co., 6 Pa. Superior Ct. 594; Christian v. Commercial Ice Co., 3 Pa. Superior Ct. 320; Freel v. Wanamaker, 208 Pa. 279; Kauffman v. Nelson, 225 Pa. 174.

The best that can be said from appellee's standpoint is that the inferences to be drawn from the facts are open to debate and not free from doubt. In this event the case is for the jury: Allen v. Warwick Township, 9 Pa. Superior Ct. 507; Kuntz v. R. R. Co., 206 Pa. 162; Mortimer v. Traction Co., 216 Pa. 326; Ely v. Ry. Co., 158 Pa. 233; Glase v. Phila., 169 Pa. 488; McGovern v. Union Traction Co., 192 Pa. 344; Armstrong v. Consolidated Traction Co., 216 Pa. 595; Howard v. B. & O. R. R. Co., 219 Pa. 358.

*W. W. Smithers,* for appellee.—No negligence on the part of the defendant was shown: Goshorn v. Smith, 92 Pa. 435; Bolton v. Colder, 1 Watts, 360; Brooks v. Thomas, 17 Phila. 45; Henson v. Arthur, 217 Pa. 156.

Plaintiff lacked due care and was therefore guilty of contributory negligence: Henson v. Arthur, 217 Pa. 156; Reese v. Clark, 146 Pa. 465; Harris v. Ice Co., 153 Pa. 278; Callahan v. Traction Co., 184 Pa. 425; Carroll v. R. R. Co., 12 W. N. C. 348; McCauley v. Traction Co., 13 Pa. Superior Ct. 354; Walsh v. R. R. Co., 222 Pa. 162.

OPINION BY MR. CHIEF JUSTICE FELL, May 17, 1911:

The plaintiff was struck by the end of the shaft of the defendant's delivery wagon while walking on a crossing from the foot pavement to a street car that was standing at a regular stopping place to receive passengers. The negligence of the driver was manifest. He was driving north on the east side of the street on which the car ran south. When fifty or sixty feet from the standing car he turned in front of it to the west side of the street and passed by the car in a space about nine feet wide with his horse on a fast trot. He knew the car was stopped to take on or let off passengers and that in all probability some one would be passing over the crossing between the curb and the platform, yet, without exercising the slightest care for the safety of others, he came to the crossing from a place where a few seconds before he could not have been seen from the corner where the plaintiff stood. Persons using the public streets owe to each other the duty of reasonable care, and the duty of each is to be determined by the circumstances. The stop of a street car at a crossing is necessarily brief and any person wishing to get on or off the car has but a few seconds in which to act, and if delayed to allow a vehicle to pass, he may lose the opportunity to get on or off. The necessity for quick action on his part gives him a right to the use of the crossing that calls for the exercise of a very high degree of care by the driver of a vehicle.

In determining whether the plaintiff's negligence defeated his right to recover, the testimony was this: In his examination in chief, when he was stating what occurred in a narrative form, he said that he stood on the

street corner waiting for a car running south.  When the car was about stopped and the middle of it was opposite to him, he looked south and then north and saw that the way was clear in both directions; he then took three or four steps towards the car and was struck when within a step of it.  On his cross-examination he testified that when standing on the pavement at the corner, he did not look south but kept looking north.  This left in some uncertainty his position when he looked but it did not contradict his statement that he looked south when the middle of the car was opposite him.  Looking as he advanced would be quite as effective as looking before he started, but if there was a contradiction that left the net result of his testimony in doubt he was entitled to go to the jury.  It was not in relation to something he was bound to prove to make out his case.  He was not required to disprove contributory negligence but only to make out a case clear of it, and if there was any doubt on the subject it was for the jury to resolve it.  Where the testimony, whether of the plaintiff or his witnesses is contradictory, and on one part of it he is entitled to go to the jury, and on another part he is not, it is for the jury to reconcile the conflicting statements and to say which shall prevail: Ely v. Railway Co., 158 Pa. 233; Glase v. Philadelphia, 169 Pa. 488; Danko v. Railways Co., 230 Pa. 295.  Moreover, it must be borne in mind in considering whether there was contributory negligence that the car was standing at a street crossing and the wagon came suddenly and rapidly from the east side of the street, its proper place in going north, to the west side.  The plaintiff had little reason to apprehend the danger and no opportunity to avoid it.

We think it was error to enter a nonsuit and the judgment is reversed with a procedendo.