## Abbotts Alderney Dairies, Appellant, *v.* Philadelphia Rapid Transit Co.

*Negligence—Refusal to permit plaintiff to develop case—Contributory negligence—Witness—Nonsuit.*

Where in negligence case for damages to a wagon, the plaintiff, the owner of the wagon, calls as his first witness, the driver, who was not a party to the case, and the driver's testimony shows contributory negligence on his part, the trial judge commits reversible error if he refuses to permit the plaintiff to call other witnesses, and enters a nonsuit.

The Act of March 11, 1875, P. L. 6, clearly implies that the plaintiff shall be first heard through his witnesses before a nonsuit for lack of evidence is granted.

Argued Nov. 24, 1915. Appeal, No. 174, Oct. T., 1915, by plaintiff, from order of Municipal Court, Philadelphia Co., March T., 1915, No. 551, refusing to take off nonsuit in case of Abbotts Alderney Dairies v. Philadelphia Rapid Transit Company. Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Reversed.

Trespass to recover damages to a horse and wagon. Before BONNIWELL, J.

The opinion of the Superior Court states the case.

*Error assigned* was refusal to take off nonsuit.

*Thos. Raeburn White,* with him *William J. Elliott,* for appellant.—The court erred in refusing to allow the plaintiff to proceed with the examination of further wit-

nesses, after only one witness had been heard: Bastian v. Philadelphia, 180 Pa. 227; Adams v. Lehigh Valley Transit Co., 45 Superior Ct. 623; Cronmuller v. Evening Telegraph, 232 Pa. 14; Cohen v. P. & R. R. Co., 211 Pa. 227.

*Harry S. Ambler, Jr.,* for appellee.

OPINION BY HENDERSON, J., March 1, 1916:

The plaintiff's action was trespass for a collision between one of the defendant's cars and a wagon used by the plaintiff in its business. At the trial the driver of the wagon was called as the first witness for the plaintiff. At the conclusion of his evidence which was given in a somewhat obscure manner a second witness, John Leverits, was called, whereupon the court said to the plaintiff's counsel: "What is the use, Mr. Elliott; on the testimony of your own witness, the driver, the case shows contributory negligence and I will have to nonsuit you." Thereupon, the defendant's counsel made the following objection: "I object to the examination of this witness on the ground that his evidence would be incompetent, irrelevant and immaterial." The objection was sustained and this action of the court is the subject of the first assignment of error. The right of the plaintiff to introduce relevant evidence in addition to that given by the driver cannot be questioned. The witness examined was not a party to the action; he was not then in the service of the plaintiff and the latter was not precluded by what he said from introducing other evidence tending to support the action. The witness may have testified contrary to the expectation of the party calling him or may have entertained ill-will and by reason thereof have given a version different from that which other witnesses might have given; or because of lapse of memory or some other reason have failed to state the facts as they existed. But knowledge may have been in possession of other persons

which was competent and relevant and which might have
supported the plaintiff's case. Even where the testimony
of the plaintiff or of his witnesses is contradictory and on
one part of it he might be entitled to go to the jury and
another part not, it is for the jury to reconcile the con-
flicting statements: Cronmuller v. Evening Telegraph,
232 Pa. 14. If this be true in the case of a single witness
with much stronger reason may it be applied to the case
of witnesses on the same side giving statements contra-
dictory to each other. It was not the burden of the
plaintiff to disprove contributory negligence. It was
only necessary that a case free from it be presented and
before that question could be clearly determined the
plaintiff had the right to present all of its material evi-
dence. Objection was made by the defendant's counsel
to the introduction of evidence from the second witness
before a question had been asked him or an offer of evi-
dence made. The court could not properly declare the
witness incompetent or his evidence irrelevant and im-
material without having heard the testimony or a state-
ment of what was proposed to be proved.

Following the exclusion of the witness the court grant-
ed a nonsuit. It is unnecessary to consider the suffi-
ciency of the evidence introduced by the plaintiff in the
testimony of the witness examined to call for a submis-
sion of the case to the jury for the nonsuit could only be
entered after the plaintiff had had an opportunity to in-
troduce its evidence and it had then appeared that this
was not such evidence as in law is sufficient to maintain
the action. The first section of the Act of March 11, 1875,
P. L. 6, clearly implies that the plaintiff shall be first
heard through his witnesses before a nonsuit for lack
of evidence is granted. Under any other application of
the statute the plaintiff might be thrown out of court
when he had testimony available with which to make
out a prima facie case. He is not bound to present his
best evidence first and may, if he can, overcome the de-
ficiency in the evidence of one witness by other evidence.

The appellant was entitled to be heard in the testimony of the witness offered.   The materiality of his evidence could only be determined after it was presented.

The judgment is reversed with a new venire.