## Abbotts Alderney Dairies, Appellant, v. Philadelphia Rapid Transit Co.

*Negligence—Street railways—Collision between wagon and car—Contributory negligence—Case for jury.*

In an action against a street railway company to recover for injuries to a horse, wagon and contents resulting from a collision with defendant's car, the case is for the jury where the evidence is clear that the defendant's motorman was guilty of negligence, and the evidence as to the conduct of the driver was of such a character, that the jury might well draw the inference that he looked when the car was 300 feet away and his horse's head was within two or three feet of the track upon which the car was approaching.

Argued Dec. 13, 1916. Appeal, No. 275, Oct. T., 1916, by plaintiff, from order of Municipal Court, Philadelphia Co., March T., 1915, No. 551, refusing to take off nonsuit in case of Abbott's Alderney Dairies v. Philadelphia Rapid Transit Company. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Reversed.

Trespass to recover damages for injuries to a horse, wagon and contents. Before WHEELER, J.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was refusing to take off nonsuit.

266 ABBOTTS A. DAIRIES, Appel., v. PHILA. R. T. CO.

T. R. White, with him Wm. J. Elliott, for appellant.— The case was for the jury: Bastian v. Philadelphia, 180 Pa. 227; Adams v. Lehigh Valley Transit Co., 45 Pa. Superior Ct. 623; Cronmuller v. Evening Telegraph, 232 Pa. 14; Cohen v. P. & R. R. Co., 211 Pa. 227; Cathcart v. Philadelphia Rapid Transit Co., 62 Pa. Superior Ct. 215; Downey v. Pittsburgh, Allegheny, Etc., Traction Co., 161 Pa. 131; Emmel v. Pittsburgh Rys. Co., 216 Pa. 541; Klingmann v. Pittsburgh Rys. Co., 252 Pa. 12; Bickley v. Southern Penna. Traction Co., 56 Pa. Superior Ct. 113; Hobel v. M. & S. Ry. & Light Co., 229 Pa. 507; Hamilton v. Consolidated Traction Co., 201 Pa. 351; Haas v. Chester Street Ry. Co., 202 Pa. 145; Gilmore v. Philadelphia Rapid Transit Co., 253 Pa. 543.

Harry S. Ambler, Jr., for appellee.—The driver was guilty of contributory negligence: Randall v. P. R. T. Co., 62 Pa. Superior Ct. 531; Brown v. Traction Co., 14 Pa. Superior Ct. 594; Cupps v. Traction Co., 13 Pa. Superior Ct. 630; Tyson v. Union Traction Co., 199 Pa. 264; Timler v. Philadelphia Rapid Transit Co., 214 Pa. 475; Clift v. Philadelphia & West Chester Traction Co., 52 Pa. Superior Ct. 502; Crumley v. Philadelphia Rapid Transit Co., 55 Pa. Superior Ct. 599; Pilgrim Laundry Co. v. Philadelphia Rapid Transit Co., 56 Pa. Superior Ct. 593; Wheelahan v. Philadelphia Traction Co., 150 Pa. 187; Pieper v. Union Traction Co., 202 Pa. 100; Keenan v. Union Traction Co., 202 Pa. 107.

OPINION BY WILLIAMS, J., March 16, 1917:

This was an action to recover for injuries to a horse, wagon and contents, resulting from a collision with defendant's car. The court below entered a nonsuit.

The record is such that it is impossible to accurately determine what are the facts respecting the conduct of the plaintiff's driver, but it is self-evident that the defendant's motorman was guilty of negligence for from the testimony it appears that he said he knew plain-

tiff's wagon was in front of him, that he wanted to scare the driver by pretending to run into him, and intended to "jack" the car before hitting him. The brakes refused to work, the car failed to "jack," and the collision occurred. This condition of the testimony clearly warranted a submission of the case to the jury unless it affirmatively appears that plaintiff's driver, by his negligence, contributed to the accident. It is because this does not so appear that we think the nonsuit was erroneously entered. It is true that the testimony of the driver is neither clear nor frank, and that it is contradictory, but his credibility and the weight of his testimony are within the peculiar province of the jury and are not for the court. Every inference from the testimony must be drawn in favor of the plaintiff: Bucklin v. Davidson, 155 Pa. 362.

From the testimony the jury might have found these facts. There was a double track street car line on Germantown avenue. Plaintiff's one-horse milk wagon was facing north on the east side of Germantown avenue, just north of its intersection with E. Sharpnack street. The cartway was eight feet wide from curb to the first rail of the northbound track. The horse and wagon extended in length a distance of twenty feet and the wagon was five feet two inches wide. The driver said: "When I was sitting in the wagon and turned around I saw the car......" He only saw it once and it was then 300 feet away. He proceeded to cross the tracks and the horse was struck in the right hind quarter. The outside wheels of the wagon were not more than three feet from the first rail of the northbound track when the driver mounted the wagon. With the horse turned at right angles to the wagon, its head must have been midway between the inner rail of the northbound track and the inner rail of the southbound track, called in the testimony the "dummy track," when the driver looked and saw the car some 300 feet away. That being the case,

the team, to clear the track, would have to travel but a few feet while the car traveled three hundred.

Under the circumstances it was not for the court to determine as to a matter of law whether the driver's negligence contributed to the collision. It is true, he did not say that he looked just at the instant his horse's head arrived at the first rail of the further or southbound track. It is equally true that we have had no case brought to our attention which flatly rules that he must do so while crossing a double track street car line. A careful examination of those cited by the appellee show circumstances differing materially from this case. In all of them the jury could only have found that the driver looked when his horse's head was at least ten feet from the first rail of the track upon which the collision occurred. In the present case they might well draw the inference that he looked when his horse's head was within two or three feet of the track upon which the car was approaching. The negligence of defendant's motorman was such that the jury would have been justified in finding that it was the sole cause of the accident, and that plaintiff's driver was not bound to anticipate it, in estimating as a reasonable man whether he had time to cross.

When this case was here before, Abbotts Alderney Dairies v. P. R. T. Co., 62 Pa. Superior Ct. 343, nothing was decided but that the lower court erred in not permitting the plaintiff to present his entire case before entering a nonsuit. A review of the plaintiff's evidence, as now presented, convinces us that it made out a case for the jury.

The judgment is reversed with a venire facias de novo.