Lieb *v.* Wawa Dairy Farms, Appellant.

Argued October 1, 1937.

Before Keller, P. J., Cunningham, Baldrige, Stadtfeld, Parker, James and Rhodes, JJ.

*J. Webster Jones,* for appellant.

*Frank J. Eustace, Jr.,* with him *Francis M. Mc-Adams* and *William W. McAdams,* for appellee.

Opinion by Baldrige, J., November 10, 1937.

This action in trespass was brought by plaintiff as the result of a collision which occurred in the city of Philadelphia to recover personal injuries and damages to an automobile he was driving, claimed to have been sustained by reason of the negligence of the driver of defendant's truck.

The defendant filed a counterclaim to recover damages to its truck, alleging that the collision was the

result of plaintiff's failure to exercise due care. Judgment was obtained by the plaintiff, and this appeal followed.

The principal controversy in this appeal is whether binding instructions should have been given for the defendant on the ground that the plaintiff was guilty of contributory negligence. In determining this question, we must consider the testimony in the most favorable light to the plaintiff.

On the morning of October 4, 1935, when it was daylight, the plaintiff was travelling south on the right or west side of Fifth street, which is 50 feet wide between curbs, accommodating traffic both ways, with 15-foot sidewalks. His car was running at the rate of 10 to 15 miles an hour when he reached the north house line of Lindley avenue, a two-way street, 34 feet wide, with 13-foot sidewalks, which crosses Fifth street at right angles. It was at that point he first saw defendant's truck coming from the west, about 30 feet away, travelling at about 25 to 30 miles an hour. Plaintiff reduced his speed when he observed the truck continuing, "signalled", and gave the driver the right of way to go straight across Fifth street. Instead of slowing down, the defendant's driver, who was on the north side of Lindley avenue, suddenly, and without notice or warning, increased his speed, swerved sharply to the left, and turned north into Fifth street. Plaintiff turned his automobile to the left to avoid a collision, but was unsuccessful in escaping the oncoming truck which struck his front right wheel.

Plaintiff testified that when the impact occurred his car was 2 or 3 feet south of the north curb line of Lindley avenue. A police officer, who arrived at the place of the accident almost immediately after it happened, testified that plaintiff's car was about 4½ feet north of the curb line and at a point between the north and southbound Fifth street trolley tracks. Mahler, another witness, who was at the scene shortly after the

collision, placed plaintiff's car even farther north on Fifth street. The defendant's truck was overturned on its right side and was facing northeast with its front on the west rail of the northbound track and its body on the southbound track. Plaintiff's own testimony was not quite as favorable as to his freedom from contributory negligence as that of these two witnesses. Accepting this testimony as true, the plaintiff, when his car was hit, had not reached the intersection.

Just where and under what circumstances the accident happened were for the jury. It could have rejected plaintiff's testimony and accepted the statements of the other witnesses when minute measurements were involved: *Cronmuller v. Evening Telegraph,* 232 Pa. 14, 81 A. 58; *Adams v. Gardiner,* 306 Pa. 576, 160 A. 589.

Section 1011 of the Act of May 1, 1929, art. X, P. L. 905, as amended June 22, 1931, P. L. 751, §2 (75 PS §546 [b]), provides: "The driver of a vehicle intending to turn to the left shall approach such intersection in the lane for traffic to the right of and nearest to the center line of the highway, and, in turning, shall pass to the left of the center of the intersection, keeping as close as shall be practicable to the center of the intersection." If the defendant's truck had been driven in obedience to this legal requirement the accident probably would not have happened. Plaintiff had the right to assume that the driver of the truck would exercise all the precautions required by this statute; he was not bound to anticipate negligent conduct: *Adams v. Gardiner,* supra; *Mulheirn v. Brown et al.,* 322 Pa. 171, 175, 185 A. 304. Negligence cannot be imputed to the plaintiff for turning to the left when this sudden and unexpected exigency arose, which he had no reasonable grounds to apprehend: *Brenner v. Pittsburgh Rys. Co.,* 323 Pa. 81, 186 A. 743. If the accident had occurred as the result of a strictly right-angled collision, with both cars proceeding straight

ahead, there would be much force to the appellant's argument, that under the law and the rules of the road the plaintiff's duty was to have his car under control, and to stop and allow the truck to pass when he saw it coming from the right. The apparent cause of the impact, according to plaintiff's testimony, was that the defendant's driver, instead of proceeding straight ahead, turned abruptly to the left into the two-way street and crashed into plaintiff's car.

A careful consideration of the record in this case discloses no error.

Judgment affirmed.