Argued October 4, 1949.
Samuel Loney and Mary Loney, his wife, appellees, instituted this action to recover damages for injuries *Page 380 
sustained by the wife when she slipped and fell as she was leaving the place of business of appellants. At trial, at which appellants offered no testimony, the jury rendered verdicts for both appellees. These appeals are from the judgment of the court below dismissing appellant's motion for judgment n. o. v.
The evidence must be viewed in a light most favorable to appellees, resolving all conflicts in the testimony in their favor, and according them the benefit of every favorable inference of fact reasonably deducible from the evidence: (Miller v. Duffee Transfer Company, 165 Pa. Super. 64,65, 67 A.2d 809). Examined in this light, the evidence establishes the following facts. Mrs. Loney, at the direction of her employer, went to appellants' wholesale furniture store located at 419 Arch Street, Philadelphia, to secure two table lamps and shades, previously ordered. She entered the store at 9:00 a.m., was informed the merchandise could not be found and was then instructed to take a seat in the front of the store to await the store manager. She had been seated for about fifteen minutes when appellants' janitor began to throw red sweeping compound over the entire linoleum tiled floor, including the area around and under her chair. Thereafter, the janitor disappeared and did not return to sweep up the cleaning compound. At 9:30 a.m. the manager arrived and procured the lamps and shades which were then wrapped in two large packages. Mrs. Loney was directed to walk from her chair to the reception desk, a distance of approximately six feet, to sign a receipt. She walked across the floor littered with the compound, signed the receipt and then returned to her chair for her pocketbook. An employe carrying one package for Mrs. Loney accompanied her to the door, where he handed her the package so that thereafter she carried two bulky packages. Two steps lead from the doorway to the pavement below. As Mrs. *Page 381 
Loney walked through the doorway she "slipped" on the top step and fell, fracturing her left ankle. She was carried back into the store and later removed to a hospital.
The single question raised by these appeals is whether there is evidence to warrant the jury in finding that the manner of appellants' use of the sweeping compound was the proximate cause of Mrs. Loney's injuries. The question of appellants' negligence is conceded; that question is not raised in the statement of questions involved nor argued in the brief. Questions not so raised need not be considered on appeal. Cf.Sladkin v. Greene, 359 Pa. 528, 531, 59 A.2d 105. Appellants state the question as follows: "Is the negligence of the defendants established as the proximate cause of a fall on their front steps . . ." It complains that there is no evidence to establish that the injuries were proximately caused by its misconduct; that on the contrary the jury was permitted to guess or conjecture that the sweeping compound was the proximate cause of the accident. There is no merit to appellants' argument. It was obvious to the appellants that Mrs. Loney was required to walk through this sweeping compound in the fulfillment of her purpose in the store; that when leaving the store that she walked through the compound from her chair to the doorstep where she slipped and fell; that she was carried into the store from the place where she fell and then was carried from the store to a waiting taxi-cab and from the cab into the hospital; and that after she had slipped and fallen she noticed this sweeping compound on her shoes. Samuel Loney testified, over objection, that he saw his wife at the hospital within an hour after her fall, and that after examining her shoes, observed about "a teaspoonful" of the red cleaning compound on the edges and soles of both shoes. He had been employed as a cleaner and janitor for over fifteen years and recognized the red *Page 382 
substance as a sweeping compound which he described as "fine, damp sawdust", with an oily base.
Where, as here, there may be a reasonable difference of opinion as to whether appellants' negligence was the proximate cause of the injuries, the question of legal causation is for the jury. Cf. Tremaine v. H. K. Mulford Co., 317 Pa. 97, 99,176 A. 212; Biehl v. Rafferty, 349 Pa. 493, 37 A.2d 729; 2 Restatement, Torts, § 434. It was not necessary to prove the cause of the accident by direct evidence; it is sufficient if the testimony supports inferences which may reasonably be drawn by the jury. Cf. Foley v. The Pittsburgh-Des Moines Co.,363 Pa. 1, 20, 68 A.2d 517. A mere recitation of the circumstances clearly indicates that the evidence was sufficient to require the submission of the question of causation to the jury. There is ample evidence to support a finding by the jury that this sweeping compound caused her to slip and fall, and the verdicts will not be disturbed.
Appellants' argument challenging, on the ground of remoteness, the admissibility of the husband's testimony of finding sweeping compound on his wife's shoes an hour after the accident is not properly before us. No motion for a new trial was filed below charging error therein and appellant may not now for the first time raise that question here.
Judgments affirmed.