## Gripp *v.* Lit Brothers, Appellant.

Argued March 26, 1956. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and CARR, JJ.

*Norman R. Bradley,* with him *Ralph S. Croskey,* for appellant.

*Max Meshon,* with him *Eilberg & Meshon,* for appellees.

OPINION BY WOODSIDE, J., July 17, 1956:

This is an appeal from the refusal of the lower court to grant defendant's motions for judgment n.o.v. and for a new trial after a jury verdict for the plaintiffs, husband and wife, in a trespass action brought for personal injuries suffered by the wife when she fell in defendant's department store.

In accordance with the familiar rule, the verdicts having been rendered for plaintiffs, the evidence and the inferences reasonably deducible therefrom are to be reviewed in the light most favorable to the plaintiffs.

When thus viewed the evidence shows that while the wife-plaintiff was shopping in defendant's store she slipped and fell on the white marble floor, and suffered physical injuries. There was no person in the immedi-

ate area but she saw a store porter coming through an archway as she fell. After her "foot went under her" when she was attempting to get up she was assisted to her feet by a woman employe and the porter who took her to the store dispensary. There the nurse wiped away a substance from her ankle which the wife described as "wet". Upon arriving home, she discovered that her coat was "oily" and had little pieces of glass embedded in it. Defendant's witness, the woman employe who helped her after the fall, testified that the floor "was all oily".

A few minutes before plaintiff slipped another shopper had dropped a bottle which broke, causing an oily substance to spill on the floor at or near where she fell. The store porter learned of this immediately and attempted to clean the floor by brushing the broken glass into a pan and wiping the floor with a rag.

The defendant's porter, who was called as a witness for the plaintiff, testified that on the floor was "some sticky liquid and there were drops on the floor for about ten feet", which he "had finished cleaning up". Although at one place he said he had "just about cleaned it up", and in a statement given to plaintiffs' attorney prior to trial had said that the wife-plaintiff "came along in a big hurry" and that he didn't know whether she slipped on the liquid or fell over him, his last statement was to the effect that "I had finished cleaning up the best I could all I seen. I don't know whether there was anything I missed." It was for the jury to reconcile these conflicting statements and say which should prevail. *Cronmuller v. Evening Telegraph*, 232 Pa. 14, 17, 81 A. 58 (1911).

Defendant's woman employe who had helped plaintiff after the accident testified as a defendant's witness that the porter had finished cleaning the area.

The appellant contends that the "Plaintiffs did not meet their burden of proving defendant's negligence by evidence so picturing, visualizing, and describing the accident as to permit the jury to do anything more than to guess its cause."

"It was not necessary to prove the cause of the accident by direct evidence; it is sufficient if the testimony supports inferences which may reasonably be drawn by the jury." *Loney v. Denenberg,* 166 Pa. Superior Ct. 378, 382, 71 A. 2d 842 (1950).

The evidence establishes that an oily substance was dropped on defendant's marble-like floor which created a hazardous condition and that the defendant had actual notice of the dangerous condition and attempted to remedy it. There is evidence from which the jury could find that through the negligence of the porter the hazardous condition remained.

*Cardone v. Sheldon Hotel Corporation,* 160 Pa. Superior Ct. 193, 50 A. 2d 700 (1947) is in point. There a bottle had been broken on the ballroom floor of the defendant's hotel. An employe attempted to remove the litter of glass and liquid with a mop and dust pan but it remained wet and with small particles of glass. The plaintiff fell while dancing over the wet floor and was injured. In holding that the question of negligence was for the jury this court quoted with approval from the lower court as follows:

" 'The defendant would have to admit that to allow the floor to be wet and particles of glass to remain on it after notice, would be evidence of negligence. It cannot be any different when a defendant has notice of a hazardous condition, undertakes to cure the condition, and does not do it. No person can absolve himself from a duty imposed by law by doing only half of it, or doing it improperly, . . .' " p. 197.

There is sufficient evidence from which this jury could infer that plaintiff slipped on the spilled liquid which had not been removed by the porter. There is evidence that she fell at approximately the spot where the bottle broke, that the liquid was spilled over a ten foot area, that after she fell she had some wet substance on her ankle, and glass and an oily substance on her coat. Taken together this evidence justified the inference that it was the oily substance remaining on the floor that caused her to slip and thus caused her injuries.

Judgment affirmed.