**Mary BALASKA and John Balaska,
her husband,**

**v.**

**NATIONAL TEA COMPANY.**

**Civ. A. No. 68–593.**

United States District Court,
W. D. Pennsylvania.

May 12, 1971.

Bernard S. Shire, Monessen, Pa., for plaintiffs.

John M. Duff, Pittsburgh, Pa., for defendant.

MEMORANDUM AND ORDER
GRANTING MOTION
FOR NEW TRIAL

KNOX, District Judge.

The wife-plaintiff, Mrs. Mary Balaska, slipped upon liquid detergent in the aisle of defendant's store. Shortly before the fall of the wife-plaintiff, another fall had occurred in the same place and defendant had attempted to clean the aisle. The defense offered no testimony and presented no evidence at all to contradict plaintiff's liability witnesses,

all of which testimony was consistent with defendant's liability. The jury returned a verdict for the defendant; whereupon the plaintiff then moved for judgment notwithstanding the verdict in accordance with the prior motion for a directed verdict, or in the alternative a motion for a new trial. These matters are presently before the court for decision.

■ While this court is most reluctant to disturb a jury verdict, the verdict in the instant case is so completely against the overwhelming weight of the evidence as to make this an appropriate case for the granting of a new trial. A motion for a new trial on the ground that the verdict is against the weight of the evidence is addressed primarily to the sound discretion of the trial judge. Livergood v. S. J. Groves & Sons Co., 361 F.2d 269 (3d Cir. 1966); Dessi v. Penna. R. Co., 150 F.Supp. 703 (D.C.Pa. 1957) aff'd 251 F.2d 149 (3 Cir.), cert. den. 356 U.S. 967, 78 S.Ct. 1006, 2 L. Ed.2d 1073.

In this case, this court has both the power [1] and the duty to set aside this jury's verdict as the preponderance of the evidence is so heavily in favor of the plaintiff as to justify the granting of a new trial, even though technically there was sufficient oral evidence to go to the jury, particularly in the light of the contradictions in the manager's testimony. Peters v. Smith, 221 F.2d 721 (3d Cir. 1955). The manager of the store in which the accident took place, Louis Fantone, testified, at first, that when the first lady fell, he helped her up, went for a mop and when he got back, Mrs. Balaska had fallen.[2] The store manager later testified that after the first lady fell, he or one of the store's employees tried to wipe the area with a dry mop and dispersed the white liquid over a larger area of the green and white tile squares.[3] This witness was called by plaintiff. Several other witnesses testified that the liquid detergent covered about a third of the aisle and could not be seen, particularly after it had been dispersed.

■ The evidence in this case shows that prior to plaintiff's fall, the defendant had actual notice of the slippery condition of the aisleway by the first fall of Mrs. Baker. It thereupon became defendant's duty to clean the floor effectively or to warn others. Cardone v. Sheldon Hotel Corp., 160 Pa.Super. 193, 50 A.2d 700 (1947); Gripp v. Lit. Bros., 181 Pa.Super. 444, 124 A.2d 378 (1956). Furthermore, the evidence shows that defendant took no precautions by blocking off the slippery aisle or giving any warning of the condition to other customers in the store.

In a case in which the verdict is overwhelmingly against the weight of the evidence, it is for the trial judge "to see that right and justice are done in the case before him, setting aside the verdict and granting a new trial if in the exercise of a sound discretion he thinks such action necessary to prevent an unjust result." Magee v. General Motors Corp., 213 F.2d 899 (3d Cir. 1954). This case is not one in which substantial disputed questions of fact exist and thus one in which the Seventh Amendment compels adherence to a jury's decision.

In the 18th century, Lord Mansfield stated with respect to the exercise of judicial power to grant new trial that "trials by jury, in civil causes, could not now subsist without a power, *somewhere*, to grant new trials". Brighton v. Eynon (K.B. 1757) 1 Burr 390, 97 Eng. 365. To this observation, Justice Denison added "that it would be difficult perhaps to fix an absolutely general rule about granting new trials; without making so many exceptions to it, as might rather tend to darken the matter, than to explain it: but the granting a new trial, or refusing it, must depend upon the Legal Discretion of the Court; guided by the nature and circumstances

1. Fed.Rule of Civ.Procedure 59(a) (1).

2. P. 18 of transcript of trial.

3. Pp. 20–29 of transcript of trial.

of the particular case, and directed with a view to the attainment of justice". Brighton v. Eynon, supra. In light of the foregoing, this court feels itself compelled to exercise its discretion to grant plaintiff's motion for a new trial. The motion for judgment NOV will be denied because the case depends on oral testimony which must be submitted to a jury. The foregoing renders unnecessary the discussion of other errors complained of by plaintiff.