Stanley J. SOCHANSKI

v.

SEARS, ROEBUCK AND COMPANY
and Goodyear Tire &
Rubber Company.

Civ. A. No. 75–2903.

United States District Court,
E. D. Pennsylvania.

May 15, 1979.

Rosenstein & Kleitman, Norristown, Pa., August J. Lacko, Philadelphia, Pa., for plaintiff.

John P. Penders, Marshall, Dennehey & Warner, Philadelphia, Pa., for Goodyear Tire & Rubber Co. and Geneva Metal Wheels Co.

John J. O'Brien, Jr., Philadelphia, Pa., for Sears, Roebuck & Co.

## MEMORANDUM AND ORDER

HANNUM, District Judge.

This diversity products liability case was tried to a jury, the issues of liability bifurcated from those relating to damages. The liability questions were submitted to the jury solely under the theory of Restatement

(Second) of Torts, § 402A,[1] the plaintiff having abandoned other theories of liability.[2] In answers to special interrogatories the jury found that the products sold by the defendants were defective when sold; the defects rendered the products unreasonably dangerous to the plaintiff; the defects were proximate causes of his accident; and plaintiff had not voluntarily assumed the risk of his injuries. In accordance with these answers the Court directed entry of a verdict on liability in favor of the plaintiff and against both defendants. Thereafter, the case proceeded on the issues of damages, resulting in a verdict of $395,000. Judgment on the verdict was entered in that amount.

Both defendants have timely moved for judgment *n. o. v.* and, in the alternative, for a new trial. These motions are properly before the Court, as each defendant moved for a directed verdict at the close of plaintiff's case and, again, at the close of all the evidence.[3]

## I. Judgment N.O.V. Motions.

*Background.*

In June, 1974, plaintiff was employed as a tire changer or tire repairman at Palmer Tire Company. On June 10, 1974, a customer brought into Palmer a small garden cart tire to have what was described as a "slow leak" repaired. The repair job was assigned to plaintiff. The tire itself was manufactured and sold by Goodyear and mounted on a wheel manufactured and sold by Geneva Metal Wheels Company.[4] The wheel unit (i. e., tire and wheel combination) was incorporated into a garden cart, which was eventually sold by Sears.

On June 10, 1974, while plaintiff was in the process of inserting an innertube into the wheel unit,[5] there was an "explosion" that caused the entire unit to be propelled upward from the floor where it was being worked on, striking plaintiff in the face, and causing injury to him. Plaintiff recalled nothing after the explosion until he regained consciousness in the hospital.

At trial, plaintiff contended both that the tire itself was defective and that the wheel unit was defective. No evidence of a specific defect in either product was adduced; rather, plaintiff proceeded to prove the existence of defects by relying on the "malfunction rule."[6]

Defendants, on the other hand, contended that no defects existed whatsoever and, further, that the "malfunction rule" was inapplicable to this case because plaintiff had failed to introduce any evidence to negate a reasonable other cause of the accident; that is, mis-mounting of the tire on the wheel. It was defendant's contention (and was so testified to by Goodyear's expert) that, in remounting the tire after insertion of the innertube, plaintiff had mis-aligned the tire "bead," causing the innertube to be pinched between the bead and the wheel; that when plaintiff inflated the tube this pinching caused the tube to rupture—i. e., "explode"—propelling the wheel unit upward and striking the plaintiff.

*Discussion.*

■ Under Restatement (Second) of Torts, § 402A:

1. The case was submitted prior to the Pennsylvania Supreme Court's ruling in *Azzarello v. Black Brothers Company, Inc.,* 480 Pa. 547, 391 A.2d 1020 (1978). None of the parties has raised objection to portions of the Court's charge to the jury on liability which, under *Azzarello,* would now be erroneous.

2. The theories of negligence and breach of warranty were withdrawn. Docket No. 162 at 401.

3. As originally filed, the motions attacked both the liability and damage phases of the trial. However, defendants have withdrawn their objections as to damages and now proceed only as to liability.

4. Geneva was originally a third-party defendant in this action, having been joined by Sears. Sears' complaint against Geneva, however, was withdrawn at trial. Likewise, plaintiff's employer, Palmer, was dismissed as a third-party defendant by both Sears and Goodyear during trial.

5. While the tire itself was originally "tubeless," defendant Goodyear's expert testified that insertions of a tube into a tubeless tire does not change the tire's primary function. Docket No. 162 at 372.

6. Docket No. 163 at 421.

(1) One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property, if

(a) the seller is engaged in the business of selling such a product, and

(b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold. (2) The rule stated in Subsection (1) applies although

(a) the seller has exercised all possible care in the preparation and sale of his product, and

(b) the user or consumer has not bought the product from or entered into any contractual relation with the seller.

Therefore, as a threshold matter, a plaintiff proceeding under § 402A is obliged to prove the existence of a defect and that such defect existed in the product *at the time it left the seller's possession.*

As to the establishment of this element of the claim, the law is clear that the plaintiff need not prove the existence of a specific defect. Rather, the occurrence of a malfunction, in the absence of abnormal use and reasonable secondary causes is evidence from which a jury may draw the inference and find that a defect existed at the time the product left the supplier's control. *Greco v. Bucciconi Engineering Co.,* 283 F.Supp. 978 (W.D.Pa.1967), *aff'd,* 407 F.2d 87 (3d Cir. 1968); *Bialek v. Pittsburgh Brewing Co.,* 430 Pa. 176, 242 A.2d 231 (1968); *Agostino v. Rockwell Mfg. Co.,* 236 Pa.Super. 434, 345 A.2d 735 (1975). Plaintiff's case depended entirely upon this rule of law. Accordingly, he was obliged to prove more than the mere occurrence of a malfunction, or "explosion." He had the burden of negating abnormal use and reasonable secondary causes in order to allow the inference of defects to arise. It was at this juncture, however, that his proofs fell short.

In passing upon defendants' motions for judgment *n. o. v.,* the Court is required to determine whether, as a matter of law, the record is critically deficient of that minimum quantum of evidence from which a jury might reasonably afford relief. *Vizzini v. Ford Motor Co.,* 569 F.2d 754 (3d Cir. 1977). In so doing, since plaintiff was the verdict winner, we must consider the evidence in the light most favorably to him, drawing all reasonable inferences in his favor and against the defendants. Viewing the evidence in that light we conclude that, at most, the plaintiff has proven merely the occurrence of an explosion. This mere fact, however, does not establish that the tire or wheel unit were defective. The term "explosion" suggests not its cause; nor does it suggest its origin, whether that be internal or external. As stated in *Kuisis v. Baldwin-Lima-Hamilton Corp.,* 457 Pa. 321, 319 A.2d 914, 922 (1974):

The questions when and where a defect originated should be left to the finder of fact so long as "reasonable and well balanced minds [could] be satisfied from the evidence adduced that the defective condition existed when the [product] was delivered". . . . On the other hand, "the jury may not be permitted to reach its verdict merely on the basis of speculation or conjecture, but . . . there must be evidence upon which logically its conclusion may be based." (Citations omitted).

The evidence presented at trial by the plaintiff was insufficient to allow the jury to determine "when and where a defect originated" without resort to speculation or conjecture. As in *Kuisis v. Baldwin-Lima-Hamilton, supra,* "any such conclusion would be no more than a guess." 319 A.2d at 922. Likewise, as in *Clarke v. General Motors Corp.,* 430 F.Supp. 1124, 1131 (E.D. Pa.1977), we are confronted with a case in which plaintiff's proof establishes "*what happened . . . it does not establish why it happened.*"

Relying as he was upon the occurrence of a "malfunction" to establish the existence of defects in the tire and wheel unit at the time these products left the respective defendants' control, the plaintiff

was required to negate all reasonable causes of the accident as fairly arose from the evidence, except defects. *Greco v. Bucciconi Engineering, supra,* 407 F.2d at 91. One such cause is that plaintiff mis-aligned the tire and the wheel, causing the tube to be pinched and explode. Plaintiff, himself, had testified, that he noticed that the "bead" portion of the tire was not seating properly when he inflated the tube he had inserted.[7] The exhibits plaintiff introduced also reveal that the tube ruptured on its *bottom* side, causing the rapid expulsion of air which propelled the wheel unit upward. There was no evidence presented other than that which points to the rupturing of the tube as the sole cause of the accident. What expert testimony there was (coming from Goodyear's expert) fully supported this theory.[8] Accordingly, the jury should not have been permitted to draw the inference of defects in the products existing at the time they left the defendants' control. Absent this inference, plaintiff's proof as to the existence of defects is wholly lacking.[9]

▪ In reaching this conclusion the Court is mindful that Restatement (Second) of Torts, § 402A places a seller in the role of guarantor of his product's safety. *Salvador v. Atlantic Steel Boiler Co.,* 457 Pa. 24, 319 A.2d 903 (1974); however, we are equally mindful that by denominating a seller a guarantor, he is not thereby made an insurer against all harm that may flow from the use of his products. *Azzarello v. Black*

*Brothers Co., Inc.,* 480 Pa. 547, 391 A.2d 1020 (1978). Allowing liability to be imposed upon the defendants pursuant to an inference that was here inapplicable would be tantamount to such a result. This the Court may not permit.

Having viewed the evidence in the light most favorable to the plaintiff, this Court must conclude that the record is critically deficient of that minimum quantum of evidence from which the jury might *reasonably* afford the plaintiff relief. *Vizzini v. Ford Motor Co., supra.* Accordingly the verdict cannot stand, and defendants' motions for judgment *n. o. v.* will be granted.

## II. New Trial Motions.

We turn now to defendants' alternative motions for a new trial, which in any event must be passed upon. F.R.Civ.P. 50(c)(1). In their motions, defendants raise, *inter alia,* the ground that the liability verdict was against the weight of the evidence.[10] The Court is not persuaded to grant the motions on this ground.[11]

▪ As previously detailed in discussing the judgment *n. o. v.* motions, plaintiff's case as to the critical element of the existence of defects rested entirely upon circumstantial evidence; that is, upon an inference which, in the Court's opinion, the jury should not properly have been permitted to draw. Nevertheless, should an appeal be taken, and the Court's determination as to this question of law be not sustained, then

---

7. Docket No. 160 at 64–66. Plaintiff also decided to take the wheel unit apart again because "maybe there will be something else wrong." Docket No. 160 at 66.

8. Docket No. 162 at 359–62. In addition, he pointed to various marks on the wheel that showed how the tire had been mis-aligned during mounting. Docket No. 162 at 360–61.

9. Parenthetically, it is noted that plaintiff appears to concede as much, *i. e.,* that there was no evidence of a defect. *See* Docket No. 170 at 2, 4.

10. Goodyear also raises three specific objections to the Court's charge to the jury on liability. It fails, however, to show how these matters rise to the level of prejudicial error. F.R. Civ.P. 61. Moreover, the Court's charge, taken as a whole, fairly apprised the jury of the

elements of the claim and defenses. Accordingly, these alleged errors do not afford grounds for a new trial. *See, e. g., DeMarines v. KLM Royal Dutch Airlines,* 433 F.Supp. 1047, 1059 n. 20 (E.D.Pa.1977).

Goodyear also asserts the ground that plaintiff's counsel's closing argument was improper. This point was not, however, briefed to the Court. As such it is not here considered. *Solar Fuel Co. v. United Mine Wholesalers of America,* 346 F.Supp. 789 (W.D.Pa.1972), *aff'd,* 481 F.2d 1399 (3d Cir. 1973).

11. It is here noted that Goodyear's motions were filed *prior* to the entry of judgment, and were, therefore, technically premature. Nevertheless, the Court deems it entirely appropriate to consider the points raised therein.

in that event only this Court is of the opinion that the evidence was sufficient to warrant the verdict for the plaintiff.

A motion for a new trial on the ground that the verdict is against the weight of the evidence is addressed to the sound discretion of the trial judge. *Silverii v. Kramer,* 314 F.2d 407 (3d Cir. 1963); *Balaska v. National Tea Co.,* 328 F.Supp. 147 (W.D.Pa.1971). It is not for this Court in passing upon the motions to weigh the evidence pro or con the verdict. That duty is properly relegated to the jury as a fact finder. It is not for the Court to substitute its view of the facts for that of the jury. Only in those extreme cases wherein the verdict is so clearly outweighed by contrary evidence that to allow the verdict to stand would amount to a miscarriage of justice should this Court exercise its informed discretion and award a new trial on this ground.

Assuming the permissibility of the inference of defects hereinbefore described, this Court is not of the opinion that the verdict, in all other respects, was so completely against the weight of the evidence as to make this an appropriate case for the grant of a new trial.[12] Accordingly, defendants' motions for a new trial will be denied.

---

12. In light of the disposition we make in denying defendants' new trial motions we need not reach the questions of whether a re-trial would be limited solely to the question of liability, or whether the liability and damage phases were so intertwined as to require an entire new trial. *Vizzini v. Ford Motor Co.,* 569 F.2d 754 (3d Cir. 1977). This issue was neither raised nor briefed by the parties. Nevertheless, since defendants elected to abandon their assertions of grounds for a new trial as to damages, it is apparent to the Court that they were thereby attempting to obtain a new trial limited to liability. From *Vizzini, supra,* however, it is clear that the parties may not so fetter the exercise of the trial court's discretion.