STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-22-1

MARK KLEIN,

      Plaintiff

v.

ORDER

THOMAS HALLETT, ESQ., et al.,

      Defendants

**Plaintiff-Jeffrey Bennett, Esq.**
**Defendants-Sigmund Schutz, Esq.**

Before the court is a motion by defendants Thomas Hallett, Daniel Feldman, and Hallett Whipple & Weyrens (collectively, the "Hallett defendants") to dismiss Counts III and IV of plaintiff Mark Klein's complaint. Count III is a claim for intentional infliction of emotional distress. Count IV is a claim for negligent infliction of emotional distress.

In response to that motion, Klein filed a motion to amend his complaint, adding a number of factual allegations and also seeking to add a claim under the Maine Unfair Trade Practices Act. The Hallett defendants oppose the motion to amend to the extent that the proposed amended complaint reiterates Counts III and IV on the ground that the proposed amended complaint does not cure the legal infirmity of his original Counts III and IV. The Hallett defendants do not oppose the proposed amendment adding an Unfair Trade Practices claim.

Discussion

Under M.R.Civ.P. 15(a) leave to amend shall be freely given when justice so requires. However, leave to amend may be denied when the amendment will be futile. *Montgomery v. Eaton Peabody LLP*, 2016 ME 44 ¶ 13, 135 A.2d 106. In this case the Hallett defendants argue that the

REC'D CUMB CLERKS OF
AUG 31 '22 AM8:12

proposed amendments are futile because they do not remedy the legal infirmity of Klein's intentional and negligent infliction claims.

In *Garland v. Roy,* 2009 ME 86 ¶¶ 24-26, 976 A.2d 940, the Law Court ruled that emotional distress damages can only be recovered in a legal malpractice action when the plaintiff proves not just economic losses but "egregious actions" by the defendant attorney[1] or incurs personal losses such as damage to reputation or deterioration of the plaintiff's marriage.

In his proposed amended complaint Klein has alleged that the Hallett defendants committed serious legal malpractice and breaches of fiduciary duty, egregiously disregarding the potential consequences of their actions and by taking advantage of Klein's vulnerabilities, with resulting harm to his reputation and his relationship with his children, along with certain economic losses. These allegations are sufficient to support a claim for emotional distress damages in addition to economic damages under *Garland v. Roy.*

Under these circumstances, however, Klein's negligent infliction of emotional distress (NIED) claim will be subsumed in any award of damages for his professional negligence. *See Curtis v. Porter,* 2001 ME 158 ¶ 19, 784 A.2d 18.[2] Accordingly, Klein's NIED claim has no independent legal standing, and his motion to amend to reassert Count IV will be denied.

---

[1] "Egregious" actions by an attorney appear to include intentionally causing harm to the client, untruthful statements to the client by the attorney, and wanton or willful disregard by the attorney of the consequences of the attorney's actions. *See* 2009 ME 86 ¶ 26.

[2] In some cases NIED claims may have allowed when there is a "special relationship" between plaintiff and defendant. *Id.* at n.17. That issue has arisen in cases where no other separate tort is alleged. *See Bryan R. v. Watchtower Bible and Tract Society,* 1999 ME 144 ¶ 18, 738 A.2d 839. Separate torts are alleged against the Hallett defendants in this case, and allowing an additional free-standing claim for negligent infliction of emotional distress would potentially circumvent the directive of *Garland v. Roy* that emotional distress damages are not recoverable in legal malpractice actions unless egregious behavior or appropriate non-economic harm is shown.

2

Klein's intentional infliction of emotional distress (IIED) claim stands on a different footing. The elements of an IIED claim are that (1) the defendant intentionally or recklessly inflicted severe emotional distress or was substantially certain that such distress would result; (2) the conduct was so "extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious, utterly intolerable in a civilized society;" (3) the actions caused the plaintiff's emotional distress; and (4) the emotional distress was so severe that no reasonable person could have been expected to endure it. *Curtis v. Porter,* 2001 ME 158 ¶ 10, quoting *Champagne v. Mid-Maine Medical Center,* 1998 ME 87 ¶ 15, 71 A.2d 842.

Klein's proposed amended complaint adequately alleges all of the necessary elements of an IIED claim. With some justification, the Hallett defendants question whether, even accepting all the allegations in the proposed amended complaint as true, the Hallett defendants are alleged to have engaged in extreme, outrageous, and atrocious conduct exceeding all possible bounds of decency and utterly intolerable in a civilized society. They are correct that the issue of whether alleged conduct is sufficiently extreme or outrageous to meet the necessary standard is an issue for the court to determine in the first instance. *E.g., Champagne v. Mid-Maine Medical Center,* 1998 ME 87 ¶16. However, that is not an issue that should be decided based on the pleadings but must await summary judgment or trial.

The Hallett defendants also question whether the alleged emotional distress suffered by Klein meets the standard of distress so severe that no reasonable person might be expected to endure it. Again, whether sufficiently severe emotional distress can be found based on the evidence is an issue for the court to determine in the first instance. Restatement (Second) of Torts § 46, comment j. But that will depend on the evidence and cannot be determined on the face of the proposed amended complaint.

3

It is also true that the alleged actions relied upon by Klein in alleging extreme and outrageous conduct on his IIED claim are the exact same actions he relies on in alleging that the professional negligence of the Hallett defendants was "egregious" under *Garland v. Roy.* Any emotional distress damages recovered on these claims will be the same, and Klein will not be entitled to double his emotional distress damages. But that is also an issue that may be addressed at a later stage in the case.

The entry shall be:

1. Defendants' motion to dismiss Count IV of plaintiff's complaint is granted.

2. Plaintiff's motion to amend is denied with respect to the reassertion of Count IV of his proposed amended complaint. In all other respects, plaintiff's motion to amend is granted.

3. Within 14 days of the date of this order, Plaintiff shall serve the proposed amended complaint annexed to plaintiff's motion, after excising ¶¶ 68-76. Defendants shall have 14 days from service of the amended complaint to respond.

4. The clerk shall incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: August_30_, 2022

_____
Thomas D. Warren
Active Retired Justice, Superior Court

Entered on the Docket: 08/31/22